SWARTZ v HUFFMASTER ALARMS SYSTEMS, INC

Docket No. 80989. Submitted July 2, 1985, at Detroit.—Decided September 3, 1985.

Plaintiffs, Donald B. Swartz and Gwen M. Swartz, brought an action in the Wayne Circuit Court against defendants, Huffmaster Alarms Systems, Inc., Red Lobster Inns of America, Inc., and Richard E. Taylor. Plaintiff Donald Swartz sought damages for injuries sustained when he was struck by an automobile driven by defendant Taylor after Swartz had left the Red Lobster restaurant and was walking across Telegraph Road. Gwen Swartz, in a derivative action, sought damages for loss of consortium. The trial court, John H. Hausner, J., granted motions for summary judgment brought by defendants Huffmaster and Red Lobster and thereafter entered an order deeming them final judgments for the purpose of appeal. Plaintiffs appeal therefrom. *Held:*

1. Defendants Huffmaster's and Red Lobster's duty to Mr. Swartz had ended before he was struck by the car. When Mr. Swartz left the restaurant and was no longer on property owned or controlled by Red Lobster, the duty to exercise ordinary care for his safety while in the restaurant ended.

2. Plaintiff did not claim under the dramshop act. Other than under the act, defendants did not owe a duty to Mr. Swartz to take special steps for his safety because he was allegedly impaired by alcohol. A person who has nothing to do with

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 3, 7] Am Jur 2d, Negligence § 34.
See the annotations in the ALR3d/4th Quick Index under Negligence.

[4] Am Jur 2d, Premises Liability §§ 62-68.
Modern status of rules conditioning landowner's liability upon status of injured party as invitee, licensee, or trespasser. 22 ALR4th 294.

[5] Am Jur 2d, Negligence §§ 66 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Negligence.

[6] Am Jur 2d, Negligence § 41.
See the annotations in the ALR3d/4th Quick Index under Intoxication.

causing the intoxication, but who merely observes the drunkenness, does not have a duty to take some affirmative action to protect the drunk.

3. Mr. Swartz did not assert the existence of special facts in regard to his claim on oral argument that he was "legally blind" which would give rise to special duty owed to handicapped persons.

4. There is no duty to affirmatively prevent accidents which are not the fault of the actor or the result of any condition which he has created.

5. The trial court correctly granted the summary judgments. Affirmed.

1. NEGLIGENCE — DUTY.
    The determination in an action for negligence of whether a legal duty exists is essentially a question of whether the relationship between the actor and the plaintiff gives rise to any legal obligation on the actor's part to act for the benefit of the subsequently-injured person; a legal duty is essentially an obligation recognized by law which requires an actor to conform to a certain standard of conduct for the protection of others against unreasonable risk.

2. NEGLIGENCE — DUTY.
    The determination of whether a duty should be imposed upon a defendant is based upon a balancing of the societal interest involved, the severity of the risk, the burden upon the defendant, the likelihood of occurrence and the relationship between the parties.

3. NEGLIGENCE — DUTY — COMMON LAW.
    There was no duty under the common law to protect an individual who was endangered by the conduct of others.

4. NEGLIGENCE — DUTY — BUSINESS INVITEES.
    The general rule in Michigan regarding the duty of a business establishment to its invitees is that when it invites others onto its premises it must exercise ordinary care and prudence to keep the premises reasonably safe; Michigan has not extended this duty of business establishments beyond the premises in a situation where the resultant injury is not based on the fault of the business invitor in maintaining its premises and/or the means of access to its establishment.

5. NEGLIGENCE — ORDINARY CARE.
    Ordinary care is defined as that care which a reasonably prudent person would exercise in similar circumstances.

6. NEGLIGENCE — DUTY — INTOXICATED PERSONS.

    A person who has had nothing to do with causing the intoxication of another, but who merely observes such intoxication, does not have a duty to take some affirmative action to protect the intoxicated person; as a matter of public policy, there is no such duty.

7. NEGLIGENCE — DUTY.

    Michigan has not recognized a duty to affirmatively prevent accidents which are not the fault of the actor or the result of any condition which he has created.

*Wygonik & Walsh* (by *Richard Wygonik*), for plaintiffs.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *Joseph W. O'Brien*), for Huffmaster Alarms Systems, Inc.

*Beresh & Prokopp* (by *Martha A. Churchill*), for Red Lobster Inns of America, Inc.

Before: BEASLEY, P.J., and J. H. GILLIS and M. J. KELLY, JJ.

BEASLEY, P.J. Plaintiffs, Donald B. Swartz and Gwen M. Swartz, husband and wife, appeal from orders for summary judgment in favor of defendants Red Lobster Inns of America, Inc., and Huffmaster Alarms Systems, Inc., under GCR 1963, 117.2(1), now MCR 2.116(C)(8). Since Gwen's claim is a derivative one for loss of consortium, for convenience on appeal we use the word plaintiff in the singular to refer only to Donald's claim.

After having dinner at the Red Lobster Inn on the east side of Telegraph Road in Taylor, plaintiff Donald B. Swartz left the restaurant and was struck by a southbound automobile driven by defendant Richard E. Taylor as he walked across Telegraph Road. When struck, plaintiff had crossed the northbound lanes, the center median

and had entered the southbound lanes. The trial court granted defendants Red Lobster's and Huffmaster's motions for summary judgment on the ground that neither owed a duty to plaintiff to prevent or restrain him from leaving the restaurant.

On appeal, plaintiff claims that defendants each owed a duty to an impaired person to protect him from dangers he might encounter on well-traveled public roads adjacent to the business. Plaintiff says his impairment was a result of his intoxication, legal blindness and anxiety. The determination of whether a legal duty exists is essentially a question of whether the relationship between the actor and the plaintiff gives rise to any legal obligation on the actor's part to act for the benefit of the subsequently-injured person.[1]

Thus, a legal duty is essentially an obligation recognized by law which requires an actor to conform to a certain standard of conduct for the protection of others against unreasonable risk. The determination of whether a duty should be imposed upon a defendant is based on a balancing of the societal interest involved, the severity of the risk, the burden upon the defendant, the likelihood of occurrence and the relationship between the parties.

Under the common law, there was not any duty to protect an individual who was endangered by the conduct of others.[2] In Michigan, the general rule regarding the duty of a business establishment to its invitees is that when it invites others onto its premises it must exercise ordinary care

[1] *Moning v Alfono,* 400 Mich 425, 438-439; 254 NW2d 759 (1977), *reh den* 401 Mich 951 (1977).

[2] *Duvall v Goldin,* 139 Mich App 342, 350-351; 362 NW2d 275 (1984).

and prudence to keep the premises reasonably safe.[3]

When, as a business invitee, plaintiff entered defendant Red Lobster Restaurant for the purpose of dining, defendant Red Lobster owed plaintiff a duty to exercise ordinary care for his safety while in the establishment.[4] Ordinary care is defined as that care which a reasonably prudent person would exercise in similar circumstances. When plaintiff left the restaurant and was no longer on property owned or controlled by defendant Red Lobster, the duty ended. In this case, there is no question that plaintiff had left defendant Red Lobster's property and had crossed several lanes of automobile traffic and a median before he was hit by a car. Plaintiff was not on property owned or controlled by defendant Red Lobster. Plaintiff admits these facts, but argues that while he was on the premises and while defendants owed him a duty of due care defendants breached their duty and that their breach was one proximate cause of his injuries. Plaintiff reasons: (1) that defendants knew, or should have known, that he was "impaired" before he left the premises, (2) that his impairment arose from alcoholic intoxication, legal blindness and "anxiety", and (3) that, confronted with knowledge of his impairment, defendants had a duty (a) to restrain him from leaving the premises, except in the care of a keeper or guardian, or (b) to communicate to him that he was "impaired" and, therefore, should not leave the premises, or (c) to take some other precautionary step for his safety. We do not agree. Before plaintiff was struck by the car in the southbound lanes of Telegraph Road, defendants' duty to him had ended.

Plaintiff specifically denies claiming under the

---

[3] *Preston v Sleziak,* 383 Mich 442, 447; 175 NW2d 759 (1970).

[4] See SJI2d 19.03.

dramshop act.[5] Other than under the dramshop act, defendants did not owe a duty to plaintiff to take special steps for his safety because he was alcoholically impaired. We do not look upon this as a "foreseeability" issue. It may well be foreseeable that an intoxicated person will wander into traffic and be hit by a car. This does not mean that a person who has had nothing to do with causing the intoxication, but who merely observes the drunkeness, has a duty to take some affirmative action to protect the drunk. As a matter of public policy, there is no such duty. In the circumstances of this case, we do not entrust to a jury that public policy question of whether there should be such a duty.

In this case, plaintiff made a belated effort to add the allegation that he was legally blind as a basis for expanding defendants' duty. Plaintiff did not plead that he was legally blind. No reference was made to MCL 393.351; MSA 17.581(1), which defines a "blind person", nor did plaintiff ever claim to have been carrying a white cane or that he possessed the statutory identification card issued for the legally blind. Neither did he seek to amend his pleadings to allege that he was, as he now says, "legally blind". Plaintiff did, however, claim on oral argument that he was "legally blind". However, even if he had raised the question in a proper and timely fashion, we do not believe that this claim would make a difference in the result here. Even in oral argument, plaintiff did not claim that he was absolutely blind (as distinguished from an impairment of vision that may or may not be correctable with glasses) and that such fact was known or should have been known to defendants, so as to give rise to a special

[5] MCL 436.22; MSA 18.993.

duty under the Michigan Handicappers' Civil Rights Act[6] or otherwise. In short, plaintiff has not here asserted the existence of special facts which would give rise to a special duty owed to handicapped persons.

Plaintiff also claims that a factor causing his "impairment" was his "anxiety". We are not clear whether plaintiff speaks of a generalized worry or apprehension or whether he speaks of a specialized psychiatric condition. In either event, we do not believe that it causes a duty to be imposed upon defendants. Noticeably, Michigan law has not extended this duty of business establishments beyond the premises in a situation where the resultant injury is not based on the fault of the business invitor in maintaining its premises and/or the means of access to its establishment.[7]

The within case is readily distinguishable from and not controlled by the recent case of *Langen v Rushton*,[8] where a panel of this Court stretched the duty concept to its outer limit in a case involving an issue of whether a shopping mall was negligently designed. Here, plaintiff does not allege that defendants were negligent in the design or development of the Red Lobster premises in connection with the public highway. Rather, plaintiff claims that his injuries, which occurred after he attempted to cross Telegraph Road, were the result of defendants' failure to take affirmative action to keep him on the premises. We have not recognized a duty to affirmatively prevent accidents which are not the fault of the actor or the result of any condition which he has created.

---

[6] MCL 37.1101 *et seq.;* MSA 3.550(101) *et seq.*

[7] *McKnight v Carter,* 144 Mich App 623; 376 NW2d 170 (1985); *Langen v Rushton,* 138 Mich App 672; 360 NW2d 270 (1984), *app for lv pending.*

[8] *Langen, supra.*

Even in *Farwell v Keaton*,[9] where the Michigan Supreme Court recognized a duty on the part of a social companion to come to the aid of the other, the decision appeared to rest heavily upon defendant's initial attempt to come to the aid of his companion and the ultimate abandonment of that rescue attempt.

Under the circumstances of this case, we are satisfied that the trial court was correct in granting the summary judgments.

Affirmed.

---

[9] 396 Mich 281; 240 NW2d 217 (1976), *reh den* 397 Mich 958 (1976).