## RODRIGUEZ v DETROIT SPORTSMEN'S CONGRESS

Docket No. 88537. Submitted November 14, 1986, at Detroit. Decided February 23, 1987. Leave to appeal denied, 428 Mich 903.

The Order of Alhambra, Malaga Caravan No. 188, entered into a short-term lease agreement with the Detroit Sportsmen's Congress to use Warsaw Park for a fund-raising picnic. Warsaw Park is owned by Detroit Sportsmen's Congress and is located on the Clinton River in Shelby Township. The Clinton River is not owned or controlled by the Detroit Sportsmen's Congress, and swimming in the river is prohibited. The land across the river is owned by the Department of Natural Resources. Ynderso Rodriguez, along with several friends, attended the picnic sponsored by the Order of Alhambra at Warsaw Park and paid an admission fee. Rodriguez and his friends set up a picnic table about fifty feet from the river. At about 1:30 P.M., Rodriguez went swimming in the Clinton River. There were about ten to twenty other people also swimming in the river. Later that day, Rodriguez again went into the water. He entered the river from an access point in Warsaw Park, swam across the river, approximately thirty feet, and climbed onto the opposite bank onto the real property owned by the DNR. Plaintiff then climbed a tree and stood on a branch, preparing to jump into the river. However, the branch cracked and gave way, causing him to fall off-balance into shallow water. As a result of the fall, Rodriguez hit his head on the bottom and sustained permanent paralysis. Rodriguez brought an action in the Wayne Circuit Court against the Detroit Sportsmen's Congress, Order of Alhambra, Michigan Council of Caravans, and others, alleging negligence. Albert and Rosa Rodriguez, as guardians of

REFERENCES

Am Jur 2d, Negligence §§ 32-34, 36-39, 41, 42, 44, 58.

Am Jur 2d, Premises Liability §§ 5, 7-9, 42, 62, 65, 97 *et seq.*

Modern status of rules conditioning landowner's liability upon status of injured party as invitee, licensee, or trespasser. 22 ALR4th 294.

Liability of owner or operator of picnic ground for injury or death of patron. 67 ALR2d 965.

See also the annotations in the Index to Annotations under Guests, Invitees, or Licensees; Parks and Playgrounds; Premises Liability.

Ynderso Carlos Rodriguez, Ynderso Rodriguez' son, joined the suit. Plaintiffs claimed that the Detroit Sportsmen's Congress was aware that, prior to the accident, the "no swimming" signs it had posted were torn down, and that people using the park often swan and waded in the Clinton River. No guards, walls or barriers prevented this practice. It was also asserted that the Sportsmen's Congress knew that people often used the tree on the opposite bank as a diving board into the river. The court, Charles Kaufman, J., granted summary disposition in favor of defendants. Plaintiffs appealed.

The Court of Appeals *held:*

The owner or possessor of land is required to take reasonable precautions to protect an invitee from dangers that are foreseeable. However, the law does not ordinarily impose a duty of care upon the occupier of land beyond the area over which he has possession or control. In order to establish liability of a landowner defendant for an invitee's injuries occurring on land other than the owned premises, it is necessary to prove that the defendant increased the hazards or created a new hazard on the off-premises land or had a servitude for his use in the off-premises land the enjoyment of which affected the area's safety and thus imposed a duty on the defendant to maintain the area in a reasonably safe condition. The trial court properly granted summary disposition for defendants.

Affirmed.

1. NEGLIGENCE — DUTY.

The determination in an action for negligence of whether a legal duty exists is essentially a question of whether the relationship between the actor and the plaintiff gives rise to any legal obligation on the actor's part to act for the benefit of the subsequently-injured person; a legal duty is essentially an obligation recognized by law which requires an actor to conform to a certain standard of conduct for the protection of others against unreasonable risk.

2. NEGLIGENCE — DUTY.

The determination of whether a duty should be imposed upon a defendant is based upon a balancing of the societal interest involved, the severity of the risk, the burden upon the defendant, the likelihood of occurrence and the relationship between the parties.

3. NEGLIGENCE — DUTY — INVITEES — OFF-PREMISES INJURIES.

The owner or possessor of land is required to take reasonable precautions to protect an invitee from dangers that are foresee-

able, however, the law does not ordinarily impose a duty of care upon the occupier of land beyond the area over which he has possession or control; in order to establish liability of a landowner defendant for an invitee's injuries occurring on land other than the owned premises, it is necessary to prove that the defendant increased the hazards or created a new hazard on the off-premises land or had a servitude for his use in the off-premises land the enjoyment of which affected the area's safety and thus imposed a duty on the defendant to maintain the area in a reasonably safe condition.

*Thurswell, Chayet & Weiner* (by *Harvey Chayet*), for plaintiffs.

*Dickinson, Brandt, Hanlon, Becker & Lanctot* (by *David J. Lanctot*), for defendant Russell Agosta.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Deanna E. Hazen*), for defendant Detroit Sportsmen's Congress.

*Natinsky, Jaffa, Katchke & Makrover* (by *Leonard Natinsky*) for defendant Richard Sosin.

*Carl W. Dengel, Esq.,* for defendant Order of Alhambra.

Before: Bronson, P.J., and Beasley and C. L. Horn,* JJ.

Per Curiam. Plaintiffs appeal as of right from a Wayne Circuit Court order which granted defendants' motions for summary disposition of plaintiffs' negligence action pursuant to MCR 2.116(C)(8) and (10). Plaintiffs Albert and Rosa Rodriguez are guardians of the minor son of the principal plaintiff, Ynderso Rodriguez, and are joined in this suit based on the child's loss of

* Circuit judge, sitting on the Court of Appeals by assignment.

companionship of his father. For convenience, use of the word plaintiff or Rodriguez in this opinion will refer solely to the principal plaintiff, Ynderso Rodriguez.

The basic facts necessary for the resolution of this appeal are essentially undisputed. On April 6, 1982, the Order of Alhambra, Malaga Caravan No. 188, entered into a short-term lease agreement with the Detroit Sportsmen's Congress to use Warsaw Park for a fund-raising picnic to be held on July 18, 1982. Warsaw Park is owned by Detroit Sportsmen's Congress and is located on the Clinton River in Shelby Township. The Clinton River is not owned or controlled by the Detroit Sportsmen's Congress, and swimming in the river is prohibited. The land across the river is owned by the State of Michigan, Department of Natural Resources.

Plaintiff, along with several friends, attended the picnic sponsored by the Order of Alhambra at Warsaw Park and paid an admission fee of approximately three dollars. Rodriguez and his friends set up a picnic table about fifty feet from the river. At about 1:30 P.M., Rodriguez went swimming in the Clinton River. There were about ten to twenty other people also swimming in the river.

Later that day, Rodriguez again went into the water. He entered the river from an access point in Warsaw Park, swam across the river, approximately thirty feet, and climbed onto the opposite bank onto the real property owned by the DNR. Rodriguez got in line with approximately six other people waiting to climb into a tree on the DNR side of the river that angled out over the water for purposes of diving from the tree into the water. Rodriguez proceeded to jump from the tree into the water about five times. Other people were also using the tree as a diving board into the river.

Plaintiff them climbed the tree for a sixth time and stood on a branch preparing to jump. However, the branch cracked and gave way, causing him to fall off-balance into shallow water. As a result of the fall, Rodriguez hit his head on the bottom and sustained permanent paralysis.

At the time of the accident, plaintiff was twenty-nine years old and weighed 185 to 190 pounds. He was a strong swimmer and had previously been the captain of his high school swim team. Plaintiff also had some diving experience. Rodriguez said that on the day of the accident, he did not see any signs warning him that swimming was not allowed, nor did anyone tell him that swimming in the Clinton River was dangerous. Further, the record indicates that plaintiff claimed that Detroit Sportsmen's Congress was aware that, prior to the accident, the "no swimming" signs it had posted were torn down, and that people using the park often swam and waded in the Clinton River. No guards, walls or barriers prevented this practice. It was also asserted that the Sportsmen's Congress knew that people often used the tree on the opposite bank as a diving board into the river.

Following his fall and injury, Rodriguez instituted the present action, alleging that defendants were negligent in failing to provide a safe place for recreation or in failing to provide appropriate warnings and signs prohibiting swimming in the river. Defendant Sportsmen's Congress promptly moved for summary disposition, asserting that plaintiff had failed to state a claim because they (Sportsmen's Congress) owed no duty to plaintiff to warn of dangers on property under the ownership and control of another. Defendant Sportsmen's Congress also argued that, since plaintiff's injury was caused by the shattering of a tree limb not located on defendant's property, his injuries were

not foreseeable and any acts or omissions of defendant were not the proximate cause of plaintiff's injuries. The other defendants subsequently joined in the Sportsmen's Congress' motion asserting similar basis for dismissal.

The trial court granted defendants' motions for summary disposition, reasoning that defendants had no duty to plaintiff with respect to land situated across the river from the land defendants owned or controlled. The court also reasoned that summary disposition was appropriate because it was not reasonably foreseeable that plaintiff would be injured as a result of falling off a broken tree limb situated across the river from defendant Sportsmen's Congress' premises and on the land of another.

On appeal, plaintiff argues that the trial court clearly erred when it decided that defendants' duty to protect plaintiff from the dangers inherent in swimming in the river ceased at the time plaintiff crossed the river and reentered on the opposite shore on the real property of another. According to plaintiff, defendants had a duty to restrict, prohibit or warn plaintiff, a business invitee, of the dangers associated with swimming and diving in the river and that duty existed regardless of the location of the accident. We do not find plaintiff's reasoning persuasive or supported by the cases.

The determination of whether a legal duty exists is a question of whether the relationship between the actor and the plaintiff gives rise to any legal obligation on the actors part to act for the benefit of the subsequently injured person.[1] Further, a legal duty is essentially an obligation recognized by law which requires an actor to conform to a certain standard of conduct for the protection of

---

[1] *Moning v Alfono,* 400 Mich 425, 438-439; 254 NW2d 759 (1977), reh den 401 Mich 951 (1977).

others against unreasonable risk.[2] Thus, the determination of whether a duty should be recognized in any individual case is based on a balancing of the societal interest involved, the severity of the risk, the burden upon the defendant, the likelihood of occurrence and the relationship between the parties.[3] The element of duty in a negligence action is a question of law for the court to decide.[4]

It is well settled in Michigan that the owner or possessor of land is required to take reasonable precautions to protect an invitee from dangers that are foreseeable.[5] However, the law does not ordinarily impose a duty of care upon the occupier of land beyond the area over which he has possession or control.[6] Where the occupant of one parcel of land has been held responsible for the condition of an adjoining parcel to which another has title or possession, such responsibility is predicated on the fact that he exercised control over the land beyond his boundaries.[7]

In *Berman v LaRose*,[8] this Court formulated a test for determining whether a landowner owes a duty to invitees for injuries which occur on abutting property:

> In order to establish the liability of defendant for plaintiff's injuries, incurred on the abutting publicly owned land, we find that it was necessary for plaintiff, by drawing an analogy to a public

---

[2] *Swartz v Huffmaster Alarms Systems, Inc,* 145 Mich App 431, 434; 377 NW2d 393 (1985).

[3] *Duvall v Goldin,* 139 Mich App 342, 347-349; 362 NW2d 275 (1984), lv den 422 Mich 976 (1985).

[4] *Moning, supra,* p 438.

[5] *Kroll v Katz,* 374 Mich 364, 373; 132 NW2d 27 (1965).

[6] See *McKnight v Carter,* 144 Mich App 623, 634; 376 NW2d 170 (1985), lv den 424 Mich 859 (1985); *Swartz, supra,* p 435.

[7] See *Langen v Rushton,* 138 Mich App 672; 360 NW2d 270 (1984), lv den 422 Mich 967 (1985).

[8] 16 Mich App 55, 58-59; 167 NW2d 471 (1969).

way or sidewalk, to prove at a minimum that in some manner defendant (1) increased the hazards in the parking area which existed at the time of the injury, or (2) created new hazards on the land strip, or (3) had a servitude for his private benefit in the parking area, by a physical intrusion of his premises or otherwise, the enjoyment of which affected the area's safety and thus imposed a duty on defendant to maintain the area in a reasonably safe condition.

Further, in *Swartz v Huffmaster Alarms Systems, Inc,*[9] this Court held that a restaurant was not liable for the injuries plaintiff sustained when he was hit by a car while crossing the street after leaving the restaurant. The Court indicated that when plaintiff left the restaurant and was no longer on property owned or controlled by defendant, any duty owed had ended. The *Swartz* Court also noted the general rule that the law normally does not impose a duty on business establishments beyond their premises.[10]

In the within case, however, plaintiff argues that defendants should have taken measures to prevent their invitees from entering the water in the first place. Plaintiff reasons that, if the park had not provided ready access to the river, then he would not have been swimming and diving and, therefore, his injuries could have been avoided. Thus, regardless of how and where the injury occurred, plaintiff asserts that defendants are liable because the use of the river for swimming was foreseeable in the absence of warnings or barriers.

We believe, however, that imposing a duty on defendants to protect invitees from the hazards of the river and the adjacent river bank, under the

[9] *Supra.*
[10] 145 Mich App 435.

facts of this case, would extend the logic of premises liability beyond acceptable limits. Defendants did not in any manner increase the hazards which might be encountered by one swimming or diving in the river. Also, no action or inaction on the part of defendants created a hazard which did not already exist. While the record does indicate that it may have been foreseeable that, contrary to instructions, guests at the picnic might enter the river to swim, this fact does not alter the fact that the diving accident in this case occurred off defendants' premises and on DNR property, which they did now own or control. Further, the record indicates that, when "no swimming" signs were posted, they were ignored and removed.

Certainly, the law does not impose upon defendants a duty to remedy hazards found in the river or on the adjacent bank. We also believe that the absence of warning signs did not contribute to or increase the risk of harm that plaintiff, an experienced swimmer and diver, encountered when he voluntarily chose to swim and dive in the river. Thus, the injuries sustained by plaintiff were not the fault of defendants or the result of a condition which defendants created. Since plaintiff had left the property owned and controlled by defendants when the accident occurred, defendants' duty to warn plaintiff had ended and should not be extended so as to impose liability on defendants in this case.

Therefore, we hold that, when plaintiff swam the river and entered the real property of another, defendants no longer owed any duty to plaintiff arising out of their duty to keep the premises reasonably safe. Accordingly, we believe the trial court was correct in granting summary disposition in favor of defendants. Since we find the duty issue dispositive, we need not consider the alternative

grounds asserted by defendants in support of the court's ruling.

Affirmed.

Bronson, J., did not participate.