MURDAY v BALES TRUCKING, INC

Docket No. 92815. Submitted October 8, 1987, at Lansing. Decided January 20, 1988.

Rosemary Murday, while a trespasser on land owned by Bales Trucking, Inc., and Virgil and Olga Bales and located in a densely populated district of the City of Adrian, was injured in the collapse of a hillside cave on the property. Murday brought an action for damages against Bales Trucking and the Baleses in Lenawee Circuit Court, alleging that the property constituted an attractive nuisance to the children who had dug the caves. The trial court, John C. Timms, J., granted summary disposition in favor of defendants. Plaintiff appealed.

The Court of Appeals *held:*

1. The recreational land use act is intended to apply to large tracts of undeveloped land suitable for recreational uses, not to urban, suburban, and subdivided lands, and thus is not applicable in this case.

2. Under the facts presented in this case, defendants cannot be liable under the doctrine of attractive nuisance since they did not know that children were digging caves or tunnels on their property and thereby subjecting themselves to a dangerous condition. The hills in and of themselves were not dangerous and it was only the trespassing children's use of them that created a dangerous condition.

Affirmed.

1. Negligence — Recreational Land Use Act.

The recreational land use act applies to large tracts of undeveloped land which has recreational value, but not to urban, suburban, and subdivided lands (MCL 300.201; MSA 13.1485).

2. Negligence — Landowners — Attractive Nuisance — Trespass — Children.

A possessor of land is subject to liability for physical harm to

References

Am Jur 2d, Premises Liability §§ 137 *et seq.*

Effect of statute limiting landowner's liability for personal injury to recreational user. 47 ALR4th 262.

Liability of landowner for injury to or death of child caused by cave-in or landslide. 28 ALR2d 195.

children trespassing thereon caused by an artificial condition upon the land if (1) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and (2) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and (3) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and (4) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and (5) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

*Sperry & Dinse, P.C.* (by *Michael J. Matuzak*), for plaintiff.

*Stanton, Bullen, Nelson, Moilanen & Klaasen, P.C.* (by *Charles A. Nelson*), for defendants.

Before: J. B. SULLIVAN, P.J., and HOOD and M. E. CLEMENTS,* JJ.

PER CURIAM. Plaintiff appeals as of right from a circuit court order granting defendants summary disposition pursuant to MCR 2.116(C)(8) and (10). The court ruled that plaintiff had failed to show that defendants' property was inherently dangerous. Rather, it was the conduct of the children that created a dangerous condition. Thus, plaintiff failed to prove a negligence claim or a case of attractive nuisance. We affirm.

On November 16, 1975, plaintiff, who was nine years old at the time, her brother and a friend were on defendants' property. The vacant property was used for excavation and defendant Bales Trucking dumped salvage from buildings on the land for fill.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The essential facts are that the children were digging a cave in the side of a hill. When they had dug approximately five feet into the hillside, the hill collapsed, completely covering plaintiff with dirt and causing her to lose consciousness. As a result, plaintiff suffered various injuries, including brain damage. Although there is some dispute whether plaintiff was actually digging the cave with the other two children that day, we do not find that this fact would alter our decision in any event.

Plaintiff filed suit alleging that defendants had negligently created and maintained the hills on their property and that the property was an attractive nuisance in its present unfenced condition. Plaintiff subsequently filed an amended complaint asserting that the condition on the property was not a natural condition and that defendants knew children played in and around the hills on their property.

Following oral arguments on defendants' motion for summary disposition, the trial judge ruled that plaintiff was a trespasser. He further concluded that the hills were not in and of themselves dangerous but that the accident was caused by the children's alteration of the property. The court expressly stated that it did not base its decision on the recreational land use act. Moreover, it ruled that there was nothing in the pleadings that indicated any wanton or wilful misconduct or any gross negligence.

Thereafter, plaintiff's motion for reconsideration was denied.

Plaintiff argues on appeal, as she did below, that the recreational land use act (RLUA), MCL 300.201; MSA 13.1485, is inapplicable in the instant case. Of course, defendants take the opposite position and maintain that plaintiff's claim falls squarely

within the ambit of the act. We agree with plaintiff.

The act provides:

> No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant, or lessee of said premises unless the injuries were caused by the gross negligence or wilful and wanton misconduct of the owner, tenant, or lessee.

Recently, our Supreme Court in *Wymer v Holmes,* 429 Mich 66; 412 NW2d 213 (1987), construed the type of property intended to be covered by the RLUA and concluded that the statute was intended to apply to large tracts of undeveloped land suitable for outdoor recreational uses. *Id.* at 80. The Court expressly excluded urban, suburban and subdivided lands as not intended to be covered by the RLUA.

Here, defendants' property is a commercial parcel of seven to ten acres located in a "densely populated district" within the City of Adrian. We find that, in light of *Wymer,* this property was a type not intended to be covered by the RLUA and therefore the act does not govern the instant case.

Although we find the RLUA statute inapplicable here, we note that it is constitutional, contrary to plaintiff's contention. See *Winiecki v Wolf,* 147 Mich App 742, 745; 383 NW2d 119 (1985); *Crawford v Consumers Power Co,* 108 Mich App 232, 236; 310 NW2d 343 (1981), lv den 417 Mich 1072 (1983).

Finally, plaintiff argues that if the RLUA does

not apply, she has shown that defendants created and maintained an attractive nuisance on the land and therefore summary disposition was improperly granted. We initially note that defendants moved under both MCR 2.116(C)(8) and (10) and the trial judge in granting the motion made no specific findings in his ruling.

After reviewing plaintiff's complaint, we find that she has sufficiently stated a claim under the doctrine of "attractive nuisance" to survive dismissal under subsection (C)(8). *Burse v Wayne Co Medical Examiner,* 151 Mich App 761; 391 NW2d 479 (1986).

However, our analysis of the court's decision under subsection (C)(10) leads us to conclude that there is no genuine issue as to any material fact and defendants are entitled to judgment as a matter of law. *Dzierwa v Michigan Oil Co,* 152 Mich App 281; 393 NW2d 610 (1986).

Plaintiff alleges that the condition of the land, i.e., the hills, were an "attractive nuisance." The attractive nuisance doctrine was widely recognized as the rule regulating the duties of landowners to trespassing children. For purposes of landowner liability in this case, plaintiff was clearly a trespasser. This doctrine, as redefined and modified in the Restatement of Torts 2d, § 339,[1] now states:

> A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

---

[1] The rule or theory of liability and the duty imposed by § 339 are premised upon the well-known propensity of children to trespass and the necessity of protecting them, even though they are trespassers, from their childish lack of attention and judgment and their tendency to meddle with things. The factor of attraction or allurement was not incorporated in the Restatement rule. It is generally agreed that a child does not have to be attracted to the instrumentality, condition or structure in order to recover. 62 Am Jur 2d, Premises Liability, §§ 151, 152 pp 421-424.

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

This formulation of the rule has been approved by Michigan courts. *Gilbert v Sabin,* 76 Mich App 137, 142, n 1; 256 NW2d 54 (1977), and cases cited therein.

In order for a possessor of land to be held liable for injury to a trespassing child, all five conditions must be met. At the onset, liability under this rule is imposed only where the injury is caused by an "artificial condition." In this case, defendants concede for purposes of the motion and appeal that the land was altered by the grading, filling or dumping of excess dirt, muck and building materials. By doing so, they concede that the hillside in which the children dug their cave had been altered.

Turning now to the five conditions which must be met in order to find liability, we conclude that plaintiff has failed to satisfy subsection (b), which requires that "the condition is one of which the possessor knows or has reason to know and which

he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children." Although we believe that it makes no difference whether the unreasonable risk was created by the owner of the property or a third party, we also believe that before a defendant can be said to have tolerated or acquiesced to conduct of a third party unrelated to him, he must know or have reason to know of such a condition.

In this case, defendants Virgil and Olga Bales, by way of affidavits, averred that they had no knowledge that children were digging on the property prior to the accident. Plaintiff, on the other hand, failed to refute these assertions and, indeed, conceded at the motion hearing that she had no specific proof that defendants knew children dug tunnels or caves on the property. Instead, plaintiff reasons that because defendants knew children played there it is reasonable to conclude that defendants should have also recognized that the land, which was used for excavating purposes, presented an unreasonable risk of harm. We are not persuaded by plaintiff's argument nor can we reasonably infer that defendants had the requisite knowledge that children dug caves and tunnels in the hills merely because defendants were aware that children rode bikes or walked across the property. We believe that in order to hold defendants liable in this instance, they had to have notice that children were digging caves or tunnels and thereby subjecting themselves to a dangerous condition. Moreover, we agree with the trial court that the hills in and of themselves are not dangerous; it was only the trespassing childrens' use of them that created the dangerous condition. Plaintiff simply failed to present the proofs necessary to survive summary disposition and we cannot therefore conclude that the trial court erred.

We are mindful of the harsh results of our decision and the difficulty in cases such as this which involve children, especially those who have sustained permanent injury. However, while recognizing the higher priority of children over the rights of landowners, *Browning v Eichelman,* 12 Mich App 408, 410; 162 NW2d 898 (1968), we cannot burden a landowner with the necessity of taking precautions against every conceivable danger which a child, by his very nature, might encounter.

Accordingly, we affirm.