RAND v KNAPP SHOE STORES

Docket No. 106703. Submitted May 1, 1989, at Detroit. Decided June 13, 1989.

Joan Rand, individually and as next friend of James K. Rand, Jr., a minor, brought an action in Macomb Circuit Court against Knapp Shoe Stores and East Detroit Investment Company. Plaintiff alleged claims of negligence and attractive nuisance with respect to injuries sustained by the minor when he was struck by a motorist while riding his bicycle in an alley directly behind a store operated by Knapp Shoe Stores on premises leased from East Detroit Investment Company. The minor had allegedly been using a portion of a sidewalk which intersected the alley as a "bicycle jump ramp." The trial court, George R. Deneweth, J., granted summary disposition in favor of defendants, ruling that there existed no genuine issue of material fact and defendants were entitled to judgment as a matter of law. Plaintiff appealed.

The Court of Appeals *held:*

1. Generally, a business merchant's duty to keep its premises reasonably safe does not extend beyond the premises. In this case, because the accident giving rise to the child's injury occurred off defendants' premises, defendants cannot be held liable for the injury.

2. Plaintiff failed to establish that the condition she claimed to be an attractive nuisance is one of which the defendants knew or had reason to know and which defendants realized or should have realized involved an unreasonable risk of death or serious bodily harm to children. Summary disposition of the attractive nuisance claim was therefore proper.

Affirmed.

1. NEGLIGENCE — DUTY — OFF-PREMISES INJURY.

A business establishment is generally not liable for injury sustained in an area beyond the establishment's premises since

REFERENCES

Am Jur 2d, Negligence § 346; Premises Liability §§ 5 *et seq.*, 138 *et seq.*

See the Index to Annotations under Attractive Nuisances.

the business establishment owes a duty to keep only its premises reasonably safe.

2. NUISANCE — ATTRACTIVE NUISANCE.

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if (1) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and (2) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and (3) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and (4) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and (5) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

*Law Offices of Brochert & Ward* (by *David S. Anderson*), for plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Thomas F. Kauza* and *William F. Rivard*), for Knapp Shoe Stores.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for East Detroit Investment Company.

Before: GILLIS, P.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

PER CURIAM. Plaintiff Joan Rand, who brought an action individually and as next friend of James K. Rand, Jr., appeals from a Macomb Circuit Court order granting summary disposition in favor of defendants Knapp Shoe Stores and East Detroit Investment Company. We affirm.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Summary disposition was based on plaintiff's failure to present a genuine issue of material fact, MCR 2.116(C)(10). Plaintiff asserts that the case presents issues of material fact and merits consideration by a jury.

On October 4, 1985, James K. Rand, Jr., an eight-year-old boy, was struck and injured by an automobile while riding his bicycle. The accident occurred in the alley directly behind defendant Knapp Shoe Store located at 20909 Gratiot Avenue in the City of East Detroit, Michigan.

The alley where the accident occurred is directly behind the shoe store. The sidewalk used by the injured child runs directly alongside the store. The Knapp building is located at a corner where the sidewalk and alley intersect, creating a blind spot which prevents either pedestrians on the sidewalk or motorists in the alley from observing one another so as to avoid accidental collision.

During the course of discovery, it was established that East Detroit Investment Company was a landlord out of possession, pursuant to a written lease between itself and Knapp. It was further established that the injured child had been using two steps at the end of the sidewalk as a "bicycle jump ramp" at the time of the accident. Also, the collision took place in the public alley behind the shoe store and not on the premises owned by East Detroit and leased to Knapp. Accordingly, both defendants moved for summary disposition based on MCR 2.116(C)(8), failure to state a claim, and MCR 2.116(C)(10), no genuine issue of material fact.

The court issued a written opinion granting summary disposition to defendants pursuant to MCR 2.116(C)(10). The court held: (1) that regardless of which defendant retained control of the leased premises, the accident occurred off the

premises in the public alley where defendants owed no duty to the child; (2) that the court was unpersuaded that the positioning and construction of the building and sidewalk involved an unreasonable risk of death or serious bodily harm so as to constitute an attractive nuisance; and (3) that plaintiff had failed to come forward with any evidence to convince the court that defendants knew or had reason to know of the alleged dangerous condition.

Summary disposition of all or part of a claim or defense may be granted when:

> Except as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law. [MCR 2.116(C)(10).]

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests whether there is factual support for a claim. When ruling on such a motion, the trial court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it. MCR 2.116(G)(5). The party opposing the motion has the burden of showing that a genuine issue of disputed fact exists. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988).

The lower court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(10). On appeal, plaintiff argues that a factual issue exists as to whether defendants owed a duty to develop and maintain their premises so as not to injure travelers on the adjacent alley or sidewalk.

In reaching its conclusion, the trial court cited several recent opinions of this Court. In *Swartz v Huffmaster Alarms Systems, Inc,* 145 Mich App

431; 377 NW2d 393 (1985), the plaintiff sought damages for injuries sustained when he was struck by an automobile driven by defendant Taylor. Plaintiff Swartz had left defendant Red Lobster Restaurant and was walking across Telegraph Road. On appeal, the plaintiff claimed that the defendants each owed a duty to an impaired person to protect him from dangers he might encounter on well-traveled public roads adjacent to the business. 145 Mich App 434. In affirming the trial court's grant of summary disposition, this Court held that defendant Red Lobster's duty ended when the plaintiff left the restaurant and was no longer on property owned or controlled by that defendant.

This Court reached a similar decision in *Rodriguez v Detroit Sportsmen's Congress,* 159 Mich App 265; 406 NW2d 207 (1987), lv den 428 Mich 905 (1987), in which the plaintiff, along with several friends, attended a picnic at Warsaw Park. The plaintiff and his friends set up a picnic table approximately fifty feet from the river. At about 1:30 P.M., the plaintiff went swimming in the Clinton River. Later that day, the plaintiff again went into the river. He entered the river from an access point in Warsaw Park, swam across the river, approximately thirty feet, and climbed onto the opposite bank onto real property owned by the Department of Natural Resources. The plaintiff then climbed a tree and stood on a branch, preparing to dive into the river. However, the branch cracked and gave way, causing him to fall off balance into shallow water. As a result of the fall, the plaintiff hit his head on the river bottom and sustained permanent paralysis. Following summary disposition, the plaintiff appealed, arguing that the defendants had a duty to restrict, prohibit or warn him, a business invitee, of the dangers

associated with swimming and diving in the river and the defendants' duty existed regardless of the location of the accident. 159 Mich App 270.

This Court upheld the trial court's grant of summary disposition, maintaining that, when the plaintiff swam the river and entered the real property of another, the defendants no longer owed any duty to him arising out of their duty to keep the premises reasonably safe. *Rodriguez, supra,* p 273. "The law does not ordinarily impose a duty of care upon the occupier of land beyond the area over which he has possession or control." 159 Mich App 271.

In short, the general rule is that the law normally does not impose a duty on business establishments beyond their premises. *Rodriguez, supra,* p 272.

Next, plaintiff claims the condition of the premises constituted an attractive nuisance, the existence of which the defendants knew or should have known.

James Rand, Sr., the child's father, asserts by way of affidavit that children use the sidewalk at issue as a bicycle jump. The children would jump off the sidewalk into the public alley where motorists were known to travel. Plaintiff further contends that this constituted a highly dangerous condition and attractive nuisance because the building was located at the intersection of the sidewalk and the public alley creating a blind spot which prevented either the children or passing motorists from seeing one another before it was too late to avoid a collision.

The Restatement of Torts, 2d, § 339 provides a statement of the doctrine of attractive nuisance:

A possessor of land is subject to liability for

physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children. [See *Murday v Bales Trucking Inc,* 165 Mich App 747, 751-752; 419 NW2d 451 (1988); *Gilbert v Sabin,* 76 Mich App 137, 141-142; 256 NW2d 54 (1977).]

All five conditions must be met in order for a possessor of land to be held liable for injury to a trespassing child. *Murday, supra,* p 752. At the onset, liability under this rule is imposed only where the injury is caused by an "artificial condition." *Id.* In this case, the sidewalk is most definitely an artificial condition.

Turning to the five conditions which must be met in order to find liability, the lower court concluded that plaintiff failed to satisfy subsection (b), which requires that "the condition is one of which the possessor knows or has reason to know and which he realizes or should realize would involve an unreasonable risk of death or serious bodily harm to such children." Specifically, the trial court held as follows:

This Court is not persuaded that the positioning and construction of the sidewalk involved an unreasonable risk of death. The structure of the building, adjacent sidewalk and alley is typical of many business settings. To find that this is a dangerous condition would be unreasonable and would stretch the premises liability to unacceptable limits. To accept plaintiff's position could conceivably require property owners to post warnings at almost every building corner. Furthermore, plaintiff has failed to come forward with evidence which convinces this Court that the alleged possessors of the land knew or had reason to know of the asserted dangerous condition. Plaintiff does not indicate, for example, that the activity of the bike jumping occurred during store hours, or that the store employees and the landlord received complaints of this activity. Rather, the affidavit of James Rand, Sr., merely indicates in part that he observed children frequently use the sidewalk as a bike jump and that he believed this was a dangerous condition.

In order to hold defendants liable in this case, they had to have had notice that the children were using the sidewalk as a bicycle jump into the public alley and thereby subjecting themselves to a dangerous condition. Moreover, the sidewalk/alley intersection in and of itself is not dangerous; it was only the trespassing children's use of the walkway that created the dangerous condition. *Murday, supra,* p 753. Plaintiffs failed to present the proofs necessary to survive summary disposition pursuant to MCR 2.116(C)(10).

Affirmed.