# STATE OF MICHIGAN

# COURT OF APPEALS

BOBBI KLINERT, Next Friend of TRAVIS
KLINERT, Minor,

        Plaintiff-Appellant,

v

D L STORAGE, INC.,

        Defendant-Appellee.

UNPUBLISHED
April 18, 2017

No.  331016
Genesee Circuit Court
LC No.  15-104251-NO

Before:  FORT HOOD, P.J., and JANSEN and HOEKSTRA, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10).  We affirm.

On appeal, plaintiff argues that the trial court erred in granting summary disposition in favor of defendant where it concluded that (1) Travis Klinert was a trespasser on defendant's property, and (2) that the doctrine of attractive nuisance was not applicable under the facts of this case.  We disagree.

This Court reviews de novo a trial court's decision regarding a motion for summary disposition.  *McLean v Dearborn*, 302 Mich App 68, 72; 836 NW2d 916 (2013).

> In reviewing a motion under MCR 2.116(C)(10), the trial court considers affidavits, pleadings, depositions, admissions, and other evidence introduced by the parties to determine whether no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  The evidence submitted must be considered in the light most favorable to the opposing party. [*Id*. at 73 (citations and quotation marks omitted).]

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages."  *Benton v Dart Properties, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006).  To determine what duty defendant owed to Travis, an initial consideration is what status Travis held on defendant's property.  The reason this is important is because "a landowner's duty to a visitor depends on

that visitor's status." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000).

In *Stitt*, the Michigan Supreme Court set forth the legal principles governing the analysis of the status that an individual holds on the property of another.

> A trespasser is a person who enters upon another's land, without the landowner's consent. The landowner owes no duty to the trespasser except to refrain from injuring him by willful and wanton misconduct.

> A licensee is a person who is privileged to enter the land of another by virtue of the possessor's consent. A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved. The landowner owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit. Typically, social guests are licensees who assume the ordinary risks associated with their visit.

> The final category is invitees. An invitee is a person who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make [it] safe for [the invitee's] reception. The landowner has a duty of care, not only to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards. Thus, an invitee is entitled to the highest level of protection under premises liability law.

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if the owner: (a) knows of, or by the exercise of reasonable care would discover, the condition and should realize that the condition involves an unreasonable risk of harm to such invitees; (b) should expect that invitees will not discover or realize the danger, or will fail to protect themselves against it; and (c) fails to exercise reasonable care to protect invitees against the danger. [Citations and quotation marks omitted.]

As an initial matter, plaintiff asserts that any questions regarding Travis's status on defendant's property are questions of fact that ought to be submitted to a jury. In support of this assertion, plaintiff points to *White v Badalamenti*, 200 Mich App 434, 436; 505 NW2d 8 (1993), where this Court recognized, "[w]hether someone is an invitee or licensee on another's property may be a question of fact where persons of average intelligence can disagree over whether the guest is on the property for a social purpose or to render a service beneficial to the owner of the property." In this case, questions of fact do not exist concerning whether Travis was on defendant's property for a social purpose or to render a beneficial service to defendant, therefore plaintiff's reliance on *White* is misplaced. Additionally, the Michigan Supreme Court has recognized that whether a defendant "owes a particular plaintiff a duty" presents a question of law. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553

(2011); see also *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013) (recognizing that where a defendant owes a plaintiff a duty is a question of law that is reviewed de novo). This Court has also made a similar determination. For example, in *Burnett v Bruner*, 247 Mich App 365, 368; 636 NW2d 773 (2001), this Court, quoting *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 95-96; 485 NW2d 676 (1992), concluded, in pertinent part, as follows:

> The threshold issue of the duty of care in negligence actions must be decided by the trial court as a matter of law. In other words, the court determines the circumstances that must exist in order for a defendant's duty to arise . . . . A negligence action may only be maintained if a legal duty exists which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm. [Citations omitted in original.]

Accordingly, the trial court correctly recognized that Travis's status on defendant's property is a question of law.

On appeal, plaintiff contends that Travis was an invitee on defendant's property, given that he visited defendant's property at the invitation of his friend, who possessed an access code that opened the automatic gate. According to plaintiff, JL,[1] Travis's friend, must have obtained the access code from defendant, and in support of this assertion, plaintiff points to the deposition testimony of Ranjit Chera, defendant's principal, who testified that each tenant of the storage facility has a four digit code that is "programmed[,]" and that once a tenant no longer stores their possessions at the storage facility, the code is deleted and a new code assigned for the new tenant. According to plaintiff, this testimony establishes that "[JL's] status was therefore that of an invitee and [Travis's] status on the property was not that of a trespasser but of an invitee through the invitation of [JL]." However, in *Stitt*, the Michigan Supreme Court determined in the context of public invitees, "Michigan is better served by recognizing that invitee status must be founded on a commercial purpose for visiting the owner's premises." *Stitt*, 462 Mich at 607. *Stitt* involved facts where the plaintiff was injured after visiting the defendant church, and the Michigan Supreme Court was asked to consider whether the plaintiff was an invitee on the defendant's property. The Michigan Supreme Court stated, in pertinent part, as follows:

> We conclude that the imposition of additional expense and effort by the landowner, requiring the landowner to inspect the premises and make them safe for visitors, must be directly tied to the owner's commercial business interests. It is the owner's desire to foster a commercial advantage by inviting persons to visit the premises that justifies imposition of a higher duty. In short, we conclude that the prospect of pecuniary gain is a sort of quid pro quo for the higher duty of care owed to invitees. Thus, we hold that the owner's reason for inviting persons onto the premises is the primary consideration when determining the visitor's status: In order to establish invitee status, a plaintiff must show that the premises were held open for a commercial purpose. [*Id*. at 604.]

---

[1] We will refer to minors other than Travis Klinert by their initials.

While it is not disputed that defendant's property was "open for a commercial purpose[,]" *id*., the record does not yield any indication that Travis was visiting defendant's property for a commercial purpose. *Id*. at 607. For example, during his deposition, Travis testified that when he and his brother, TK, and JL visited the storage facility on March 27, 2012, it was the first time that Travis had been there, and he did not believe that TK or JL had visited the storage facility before.

A review of the record confirms that when Travis, TK and JL visited the storage facility, they did so with the apparent purpose of having some childish fun and their purposes were not commercial in nature. *Stitt*, 462 Mich at 607. The present facts can thus be distinguished from those in *Bragan v Symanzik*, 263 Mich App 324, 326; 687 NW2d 881 (2004), where the plaintiff, an eleven-year-old boy accompanied by his parents, was injured at the defendant's berry farm while hanging from a "Jacob's Ladder" in the defendant's Fun Barn. In that case, it was not disputed that under those circumstances, the child plaintiff was an invitee. Conversely, in this case, there is no suggestion that Travis entered defendant's property "upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make [it] safe for [the invitee's] reception." *Stitt*, 462 Mich at 597. The trial court therefore correctly determined that Travis was not an invitee on defendant's property.

On appeal, plaintiff also contends that Travis held the status of a licensee on defendant's property. In support of this contention, plaintiff points to this Court's decision in *Pippin v Atallah*, 245 Mich App 136, 142; 626 NW2d 911 (2001). In *Pippin*, this Court noted that approval to enter the premises of another can be express or implied. *Pippin*, 245 Mich App at 142. "Permission may be implied where the owner, or person in control of the property, acquiesces in the known, customary use of property by the public." *Id*. (citation and quotation marks omitted.) In *Pippin*, the minor child was injured when he "collided with a four-foot-high chain while riding a bicycle," on the defendants' parking lot, resulting in injuries to his neck, head and brain. *Id*. at 139. The record evidence confirmed that at the back of the parking lot where the minor child was injured was a maintained path that had been regularly used by members of the public for at least ten years to access a local park and trail. *Id*. at 139-140. In *Pippin*, this Court considered the ample record evidence in that case and concluded that traversing the defendants' property was "a known and customary use of the property by the public." *Id*. at 142.[2]

According to plaintiff in her brief on appeal, "the invitation by invitee [JL] to [Travis] to enter onto the [d]efendant's property to gain access to the storage units establishes, at the very

---

[2]  This evidence included the consistent statement of a Rochester Police detective, as well as the fact that there existed "a maintained pathway running from the park to [the defendants' property], with an official sign posted directly at that entrance[.]" *Pippin*, 245 Mich App at 142. Where the property at issue was a former A & P grocery store parking lot, the A & P property manager also stated during a deposition that "the public's use of the lot was no serious problem." *Id*.

least, an implied permission for [Travis] to enter onto [defendant's] property." However, as we have concluded in the foregoing analysis, the record does not support a conclusion that JL was an invitee on defendant's property, and therefore plaintiff's argument that JL was an invitee who in some way could imply permission for Travis to enter onto defendant's property is simply attenuated, and ultimately unsuccessful. Consequently, where Travis did not hold the status of either an invitee or a licensee, the trial court properly concluded that he was a trespasser on defendant's property on March 27, 2012.

As stated in *Stitt*, a landowner "owes no duty to the trespasser except to refrain from injuring him by 'willful and wanton' misconduct." *Stitt*, 462 Mich at 591 (citations and quotations omitted); see also *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (recognizing that a landowner does not owe any duty to a trespasser in the absence of willful and wanton misconduct). On appeal, plaintiff asserts that if this Court agrees with the trial court that Travis was a trespasser, defendant is still liable for Travis's injuries arising from riding the automatic gate pursuant to the attractive nuisance doctrine. In *Bragan*, this Court discussed the attractive nuisance doctrine, and observed that landowners owe a "heightened duty of care to *known* child trespassers." *Bragan*, 263 Mich App at 328 (emphasis added).

> Pursuant to the attractive nuisance doctrine . . . the landowner is liable for harm caused by a dangerous artificial condition located where children are known to trespass if children would not likely realize the danger and the owner fails to use reasonable care to eliminate a danger whose burden outweighs its benefit. [*Id*. (footnote omitted).]

In *Rand v Knapp Shoe Stores, Inc*, 178 Mich App 735, 740-741; 444 NW2d 156 (1989), this Court, quoting the Restatement of Torts, 2d, §339, set forth the legal principles of the doctrine of attractive nuisance:

> A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if
>
> (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
>
> (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and
>
> (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
>
> (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved and
>
> (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

*All five conditions must be met in order for a possessor of land to be held liable for injury to a trespassing child.* At the onset, liability under this rule is imposed only where the injury is caused by an "artificial condition." [Emphasis added; citations omitted.]

In support of her assertion that defendant should be held liable pursuant to the attractive nuisance doctrine, plaintiff points to the November 12, 2015 affidavit of TM, in which she averred that she had witnessed children playing near the automatic gate, hanging from it, and that she herself suffered injuries in January 2010 when she was hanging from the gate. According to plaintiff, this record evidence confirmed that defendant knew or had reason to know that children were likely to trespass at the storage facility.

In his deposition, Chera testified that before the date of Travis's injury, March 27, 2012, he was not aware of anyone being injured by the automatic gate. During his deposition, Travis also stated that he had not been to defendant's property before, and that he did not think that TK or JL had been there before either. Plaintiff testified that on March 27, 2012, she was not aware that Travis and TK were planning on visiting the storage facility, and she had never seen them play at the storage facility before March 27, 2012. Plaintiff also denied being aware of other children going to play on the automatic gate, and she had never personally seen any children playing on the automatic gate.

As plaintiff points out in her brief on appeal, actual notice of children being likely to trespass is not necessary, rather, "it is enough that [defendant] have reason to know that children are likely to trespass." *Byrne v Schneider's Iron & Metal, Inc*, 190 Mich App 176, 179; 475 NW2d 854 (1991). *Rand*, a case from this Court cited above, is instructive in our analysis regarding whether the doctrine of attractive nuisance is applicable. In *Rand*, the plaintiff's minor son was injured when he was struck by a vehicle while riding his bicycle in an alley behind the defendant's shoe store. The plaintiff submitted as evidence the affidavit of the child's father, in which he averred that children used a nearby sidewalk as a bicycle jump, and would jump off of the sidewalk into the public alley where motorists travelled. *Rand*, 178 Mich App at 740. The trial court in *Rand* noted that "plaintiff has failed to come forward with evidence which convinces this Court that the [defendants] knew or had reason to know of the asserted dangerous condition. *Id*. at 742. The trial court in *Rand* stated, in pertinent part, as follows:

Plaintiff does not indicate for example, that the activity of the bike jumping occurred during store hours, or that the store employees and the landlord received complaints of this activity. Rather, the affidavit of James Rand, Sr., merely indicates in part that he observed children frequently use the sidewalk as a bike jump, and that he believed this was a dangerous condition. [*Id*.]

This Court affirmed the trial court's granting of summary disposition pursuant to MCR 2.116(C)(10), noting the lack of evidence that the defendants "had notice that the children were using the sidewalk as a bicycle jump into the public alley and thereby subjecting themselves to a dangerous condition." *Rand*, 178 Mich App at 742. While we acknowledge that TM averred that she herself was injured from climbing on the gate in January 2010, and that she observed other children playing around the storage facility and hanging off of the gate "on numerous occasions prior to March 27, 2012[,]" like the plaintiff's father's affidavit in *Rand*, TM's

-6-

affidavit, even when viewed in the light most favorable to plaintiff, does not yield genuine issues of material fact regarding whether defendant knew, or should have known, that the storage facility was a location where children were likely to trespass. The trial court therefore properly determined that the attractive nuisance doctrine is not applicable under the facts of this case.

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Karen M. Fort Hood
/s/ /Kathleen Jansen
/s/ Joel P. Hoekstra