STAMATAKIS v THE KROGER COMPANY

STAMATAKIS v CITY OF GROSSE POINTE

Docket Nos. 55190, 56223. Submitted June 4, 1982, at Detroit.—Decided September 27, 1982. Leave to appeal denied, 417 Mich ___.

Ann Stamatakis was injured when she slipped and fell on ice in an alley behind a store operated by the Kroger Company in the City of Grosse Pointe. Stamatakis filed suit against Kroger in Wayne Circuit Court alleging that Kroger was negligent in the maintenance of an entranceway and exitway which coincidentally was also an alley. The alley adjoined a public parking lot owned and operated by the City of Grosse Pointe. The City of Gross Pointe was added as a party defendant for negligent maintenance of an alley. Plaintiff was allowed thereafter to amend her complaint to allege an intentional nuisance. Defendants both filed motions for summary judgment. The court, Michael L. Stacey, J., granted Kroger's motion, holding that plaintiff had failed to state a claim, but denied Grosse Pointe's motion. Plaintiff appeals the order granting summary judgment in favor of Kroger. The City of Grosse Pointe, by leave granted, appeals the order denying its motion for summary judgment. The appeals have been consolidated. *Held:*

1. Plaintiff's claim that Kroger is liable under the doctrine of "increased hazard" by cleaning an area in which she did not fall is not legally sufficient to state a claim.

2. Plaintiff's theory that the area in which she fell was made more hazardous by the ruts in snow and ice made by the wheels of shopping carts owned by Kroger and used by Kroger's patrons to carry groceries from the store to the public parking lot is not supported by the factual allegations in plaintiff's complaint and does not support a claim of liability against Kroger. The grant of summary judgment in favor of Kroger is affirmed.

3. The trial court did not err in denying Grosse Pointe's

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 62 Am Jur 2d, Premises Liability §§ 272, 273.
   Liability for injuries in connection with ice or snow on nonresidential premises. 95 ALR3d 15.
[3, 4] 39 Am Jur 2d, Highways, Streets, and Bridges § 391.

motion for summary judgment based on governmental immunity. If plaintiff can prove that the physical characteristics and pattern of use of the area where she fell are those of a highway, not those of an alley, she may be entitled to claim avoidance of the defense of governmental immunity.

Affirmed.

1. TORTS — LANDOWNERS — SNOW AND ICE — SLIP AND FALL.

A property owner may be held liable for damages for an invitee's slip and fall where snow and ice is allowed to accumulate through some negligent affirmative act of the property owner or where the danger from a natural accumulation of snow or ice is increased by a negligent affirmative act of the property owner.

2. TORTS — LANDOWNERS — SNOW AND ICE — SLIP AND FALL.

The mere fact that a property owner took some affirmative action affecting the natural accumulation of snow and ice on his property is not legally sufficient to support a claim for damages for injuries suffered in a slip-and-fall accident; the affirmative action must increase the danger from a natural accumulation of snow and ice and the increased hazard must be a physical one.

3. GOVERNMENTAL IMMUNITY — HIGHWAYS — ALLEYS.

The government's duty to maintain the highways in reasonable repair so that they are reasonably safe and convenient for public travel does not extend to alleys.

4. GOVERNMENTAL IMMUNITY — HIGHWAYS — ALLEYS.

The defense of governmental immunity may be avoided in a case in which a person suffered injury from a slip and fall in a city owned and maintained alley if it can be shown that the alley has become, through custom and usage, a highway as that term is used in the highway exception to the governmental immunity statute (MCL 691.1401[e], 691.1402, 691.1407; MSA 3.996[101][e], 3.996[102], 3.996[107]).

*George J. Parrish,* for plaintiff.

*Ogne, Jinks, Ecclestone & Alberts, P.C.* (by *Dennis D. Alberts* and *Bryan Cermak),* for the Kroger Company.

*Coticchio, Zotter & Sullivan, P.C.* (by *Charles G. Skupin)*, for City of Grosse Pointe.

Before: BRONSON, P.J., and R. M. MAHER and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff filed suit against defendants Kroger and the City of Grosse Pointe, seeking to recover damages for injuries she suffered in a slip-and-fall. The trial judge granted Kroger's motion for summary judgment for failure to state a claim. From this order, plaintiff appeals by right. Grosse Pointe's motion for summary judgment was denied. This Court granted Grosse Pointe leave to appeal. The two appeals were ordered consolidated.

On appeal, plaintiff has advanced two theories allegedly supporting her claim against Kroger. The first is the "increased hazard" doctrine approved by this Court in *Woodworth v Brenner,* 69 Mich App 277; 244 NW2d 446 (1976). Simply stated, where snow or ice accumulates because of a negligent affirmative act of the landowner, or where the landowner's act increases the danger from a natural accumulation, a property owner may be held liable for an invitee's slip-and-fall injuries. *Creech v Consumers Power Co,* 59 Mich App 167; 229 NW2d 358 (1975).

We agree with plaintiff that this doctrine applies to the area in which she allegedly fell to the same extent that it applies to a public sidewalk abutting a landowner's property. See *Mendyk v Employment Security Comm,* 94 Mich App 425; 288 NW2d 643 (1979). Her allegation that Kroger increased the hazard due to the natural accumulation by cleaning an area in which she did not fall is not,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

however, legally sufficient. The increased hazard must be a physical one. It is not sufficient merely to prove that a landowner took some affirmative act affecting the natural accumulation. Plaintiff has not claimed that Kroger's act of cleaning part of the area physically increased the hazard in the rest of the area. If plaintiff's theory is that the act of partially clearing the area lulled her into a false sense of complacency, no claim is stated.

Her second theory is that the area in which she fell was made more hazardous by the ruts in snow and ice made by the wheels of shopping carts owned by Kroger and used by Kroger's patrons to carry groceries from the store to the public parking lot. We do not agree with plaintiff that this theory supports a claim of liability against Kroger. Also, the factual allegations in plaintiff's complaint do not support this claim. We affirm the grant of summary judgment to Kroger.

Defendant Grosse Pointe claims the trial judge erred by denying its motion for summary judgment based on governmental immunity. He held that the defense of governmental immunity does not apply to an alley "where a factual question exists whether custom or usage renders the alley in fact a highway".

MCL 691.1401(e); MSA 3.996(101)(e) defines "highway" as that term is used in the "highway exception" to governmental immunity, MCL 691.1402; MSA 3.996(102):

" 'Highway' means every public highway, road and street which is open for public travel and shall include bridges, sidewalks, crosswalks and culverts on any highway. The term 'highway' shall not be deemed to include alleys."

We affirm the denial of defendant's motion for

summary judgment, although we do not fully agree with the trial judge's statement of the law.

The government's duty to maintain the highways in reasonable repair so that they are reasonably safe and convenient for public travel does not extend to alleys. The term "alley" must be defined with due regard for the Legislature's intent in using it. In the present case, defendant supported its claim (that the place in which plaintiff fell was an alley) by presenting an affidavit concerning a review of the Wayne County Bureau of Taxation base map of the area. The map allegedly showed that the place was a "dedicated public alley". By itself, this showing was insufficient to defeat, as a matter of law, plaintiff's claim that the dedicated alley had become a highway by use and custom. We do not hold that a plaintiff's claim that an alley has become a highway usually presents a question for the trier of fact. We hold only that defendant's proof that the place had been dedicated as an alley was not dispositive. If plaintiff can prove that the physical characteristics and pattern of use of the place are those of a highway, not those of an alley, she may be entitled to claim avoidance of the defense of governmental immunity.

Affirmed.