EHLERS v DEPARTMENT OF TRANSPORTATION

Docket No. 105902. Submitted November 15, 1988, at Lansing. Decided December 14, 1988.

Joachim Fritz Ehlers sustained fatal injuries on November 9, 1986, when the automobile he was driving on US-41 in Keweenaw County struck a tree near the edge of the highway. Maiken Ehlers, as personal representative of the decedent's estate, brought an action in the Court of Claims against the Department of Transportation, alleging liability under the defective highway exception to governmental immunity. The court, Carolyn Stell, J., granted summary disposition in favor of defendant. Plaintiff appealed.

The Court of Appeals *held:*

As amended by 1986 PA 175, effective July 7, 1986, MCL 691.1401(e); MSA 3.996(101)(e), a section of the statute providing for the various exceptions to governmental immunity, expressly excludes trees from its definition of the term "highway." Thus, the trial court did not err in ruling that plaintiff's claim was barred by governmental immunity.

Affirmed.

HIGHWAYS — GOVERNMENTAL IMMUNITY — NEGLIGENCE.

Liability for negligence under the defective highway exception to governmental immunity does not extend to injuries sustained by a motorist who strikes a tree along a highway (MCL 691.1401[e], 691.1402; MSA 3.996[101][e], 3.996[102]).

*Wisti & Jaaskelainen, P.C.* (by *Andrew H. Wisti*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Brenda E. Turner*

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 103 *et seq.*

Liability of governmental unit or private owner or occupant of land abutting highway for injuries or damage sustained when motorist strikes tree or stump on abutting land. 100 ALR3d 510.

and *Patrick McElmurry,* Assistant Attorneys General, for defendant.

Before: SHEPHERD, P.J., and GRIBBS and G. S. ALLEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from a Court of Claims order granting defendant Michigan Department of Transportation's motion for summary disposition based on governmental immunity, MCR 2.116(C)(7). We affirm.

Plaintiff's complaint alleged that on November 9, 1986, plaintiff's decedent was driving on US-41 in Keweenaw County, Michigan. He lost control of his vehicle, crossed the centerline of the highway, struck a tree and died. Plaintiff alleged the defective highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102). Plaintiff essentially claimed that, by not removing trees from along the scenic highway, defendant negligently failed to maintain the highway in a reasonably safe condition for public travel. Defendant moved for summary disposition based on governmental immunity. MCR 2.116(C)(7). The lower court found that 1986 PA 175, which amended MCL 691.1401(e); MSA 3.996(101)(e), effective July 7, 1986, clearly stated that the term "highway" did not include trees. Therefore, the court granted defendant's motion.

Plaintiff argues that, if the tree were positioned such that the average vehicle could have struck the tree without any of the vehicle's wheels leaving the shoulder, the tree would affect the safety of the motorists using the shoulder. Under such circumstances, the defendant's duty to keep the road reasonably safe would extend to the mainte-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

nance of the tree. *Moerman v Kalamazoo Co Road Comm,* 129 Mich App 584, 593; 341 NW2d 829 (1983), rev'd on other grounds 141 Mich App 154; 366 NW2d 223 (1984). See also *Carney v Dep't of Transportation,* 145 Mich App 690, 696; 378 NW2d 574 (1985), lv den 424 Mich 889 (1986). These cases would normally be persuasive authority for plaintiff's position. However, they were decided before the Legislature amended MCL 691.1401(e); MSA 3.996(101)(e) so that the term "highway" does not include trees. We note that even before the amendment, the duty to maintain the road in reasonable repair did not entail deforestation of the surrounding countryside. *Carney, supra,* p 697.

The defective highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102), must be strictly construed. *Tibor v Dep't of State Highways,* 126 Mich App 159, 162; 337 NW2d 44 (1983). When plaintiff's decedent struck the tree, MCL 691.1401(e); MSA 3.996(101)(e) provided that the term "highway" did not include trees. We are bound to uphold the plain language of the statute. *City of Saugatuck v Saugatuck Twp,* 157 Mich App 52, 56; 403 NW2d 100 (1987), lv den 428 Mich 905 (1987). Where statutory language is clear and unambiguous, judicial interpretation to vary the plain meaning of the statute is precluded. The Legislature must have intended the meaning it plainly expressed, and the statute must be enforced as written. *Nerat v Swacker,* 150 Mich App 61, 64; 388 NW2d 305 (1986), lv den 426 Mich 857 (1986).

Plaintiff argues that it would be irrational to hold that a tree located in the middle of a highway would be excluded from the defective highway exception to governmental immunity. Plaintiff further argues that the tree which plaintiff's decedent struck might have been on the improved portion of

the highway designed for vehicular travel such that the defective highway exception to governmental immunity would apply. MCL 691.1402; MSA 3.996(102). We reject plaintiff's invitation to interpret the Legislature's intent by focusing on hypothetical examples rather than the facts alleged in plaintiff's complaint and the plain language of the statute. Plaintiff's complaint alleged that large trees which grew near the edges of the scenic highway caused a hazard to motorists who were forced off the highway. Plaintiff's decedent's vehicle went off the edge of the roadway and onto the shoulder before hitting the tree. Plaintiff claimed that defendant negligently failed to remove the trees that were near the sides of the roadway.

We conclude that plaintiff cannot hold defendant liable under the defective highway exception to governmental immunity for allowing a tree to grow near the edge of the highway.

Affirmed.