WARD v FRANK'S NURSERY & CRAFTS, INC

Docket Nos. 105045, 105080, 105266, 110838. Submitted February 21, 1989, at Detroit. Decided November 5, 1990, at 9:10 A.M. Leave to appeal sought.

Dina Ward slipped and fell in a public alley owned by the City of East Detroit and adjacent to business establishments operated by Frank's Nursery & Crafts, Inc., and Pete & Franks Fruit Ranch. Ward brought a tort action in the Wayne Circuit Court against the two businesses and the city, seeking damages for injuries she allegedly sustained. The court, Charles Kaufman, J., granted summary disposition in favor of the city, ruling that governmental immunity barred plaintiff's action against the city. The court also granted summary disposition in favor of the two businesses, ruling that they incurred no liability because the plaintiff's accident occurred off their premises. The plaintiff filed separate appeals with regard to each defendant.

The Court of Appeals consolidated the appeals and *held:*

1. The statutes providing for a highway exception to governmental immunity expressly exclude alleys from the definition of the term "highway." The trial court correctly determined that the plaintiff's claim against the city did not fall within the highway exception to governmental immunity.

2. A physical intrusion onto private property is an essential element of a claim under the trespass-nuisance exception to governmental immunity. Since no such intrusion was alleged in this case, the trespass-nuisance exception is inapplicable to the plaintiff's claim against the city.

3. The question whether there is a public nuisance exception to governmental immunity was acknowledged but not resolved in *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139 (1988). However, the plaintiff's factual allegations fall short of either

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 105, 347, 348; Municipal, County, School, and State Tort Liability §§ 159, 166, 168, 171; Premises Liability §§ 737; 739.

See the Index to Annotations under Adjoining Landowners and Property; Alleys; Governmental Immunity or Privilege; Highways and Streets; Premises Liability.

of the two definitions of public nuisance expressed in two opinions in *Hadfield.*

4. Because the plaintiff failed to cite authority in support of the proposition that nuisance per se is a recognized exception to governmental immunity, no consideration can be given to the proposition.

5. Intentional nuisance is not a recognized exception to governmental immunity. The plaintiff's claim of intentional nuisance against the city is therefore barred by governmental immunity.

6. Generally, a defendant's duty, for purposes of premises liability, ends with the boundaries of the premises, and an injury caused by a dangerous condition located outside those boundaries is not the legal responsibility of the defendant. However, an owner or occupier of private property which adjoins publicly owned property may be held liable in negligence for injury incurred on the publicly owned property where the private owner or occupier has physically intruded upon the publicly owned area in some manner or has done some act which either increased an existent hazard or created a new hazard. In this case, summary disposition in favor of Frank's Nursery was improper given the plaintiff's allegations indicating a physical intrusion by Frank's Nursery onto the alley or the increase or creation of a hazard arising from Frank's Nursery's demolition of a wall adjacent to the alley. The trial court shall, on remand, conduct further proceedings on the plaintiff's claim against Frank's Nursery.

7. Summary disposition in favor of Pete and Franks Fruit Ranch was proper since the plaintiff's accident did not occur on this defendant's premises and the plaintiff did not allege that the defendant had any connection to the demolition of the wall adjoining the alley.

Affirmed in part, reversed in part, and remanded.

1. GOVERNMENTAL IMMUNITY — HIGHWAYS — ALLEYS.

The highway exception to governmental immunity, under which a governmental agency can be held liable for bodily injury or property damage arising from the agency's failure to maintain a highway in reasonable repair so as to be reasonably safe and convenient for public travel, does not encompass alleys (MCL 691.1401[e], 691.1402; MSA 3.996[101][e], 3.996[102]).

2. GOVERNMENTAL IMMUNITY — NUISANCE — TRESPASS.

The trespass-nuisance exception to governmental immunity requires proof of a physical intrusion onto private property

causing injury sustained outside of the defendant's own premises.

3. GOVERNMENTAL IMMUNITY — INTENTIONAL NUISANCE.

Intentional nuisance is not a recognized exception to governmental immunity.

4. NEGLIGENCE — PREMISES LIABILITY.

A defendant's duty, for purposes of premises liability, ends with the boundaries of the premises, and an injury caused by a dangerous condition located outside those boundaries is not the legal responsibility of the defendant.

5. NEGLIGENCE — PUBLICLY OWNED LAND — LIABILITY OF ADJOINING PRIVATE PROPERTY OWNER.

An owner or occupier of private property which adjoins publicly owned property may be held liable in negligence for injury incurred on the publicly owned property where the private owner or occupier has physically intruded upon the publicly owned area in some manner or has done some act which either increased an existent hazard or created a new hazard.

*Meklir, Schreier, Nolish & Friedman, P.C.* (by *Sherwin Schreier*), for the plaintiff.

*Martin, Bacon & Martin, P.C.* (by *Kevin L. Moffatt* ), for Frank's Nursery & Crafts, Inc.

*Hayduk, Dawson, Andrews & Hypnar, P.C.* (by *Mark S. Hayduk* and *Alice M. Rhodes*), for Pete & Franks Fruit Ranch.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe* and *Timothy Young*), for City of East Detroit.

Before: GRIBBS, P.J., and HOLBROOK, JR., and REILLY, JJ.

HOLBROOK, JR., J. Plaintiff[1] appeals from a series

---

[1] Although the court file indicates that plaintiff died subsequent to the institution of this action, the case is apparently being pursued by the personal representative of the decedent's estate. We will refer in

of summary disposition rulings effecting a dismissal of her claims for personal injuries sustained in a slip-and-fall incident. We reverse as to defendant Frank's Nursery & Crafts, Inc., but we affirm as to the other defendants-appellees.

Plaintiff's accident occurred in an area of public access characterized, alternatively, as an alley or a walkway. This way, owned by defendant City of East Detroit, served as a means of access for vehicles and pedestrians to adjacent business premises and parking lots operated by defendants Frank's Nursery & Crafts, Inc., and Pete & Franks Fruit Ranch. Plaintiff's injury was sustained as she was leaving the premises of Frank's Nursery and proceeding to Pete & Franks for the purpose of patronizing their business.

DOCKET NOS. 105045 AND 110838

(DEFENDANT CITY OF EAST DETROIT)

I

Plaintiff argues that her claim against the city is not subject to governmental immunity because it falls within the highway exception. Because the circuit court's ruling required consideration of facts outside the pleadings, we review the grant of summary disposition to the city pursuant to MCR 2.116(C)(10). See *Velmer v Baraga Area Schools,* 430 Mich 385, 389; 424 NW2d 770 (1988). A motion pursuant to subsection (C)(10) tests whether there is any factual support for the claim and should be granted in favor of the defendant only if there is no genuine issue of material fact and if the defendant is entitled to judgment as a matter of law. *Id.,* pp 389-390.

this opinion to plaintiff as the party who originally brought this action.

The highway exception set forth in MCL 691.1402; MSA 3.996(102) provides in pertinent part:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency.

Plaintiff's deposition testimony establishes that she fell in the alleyway. For purposes of this issue, plaintiff and the city agree that the fall occurred in a place subject to the city's jurisdiction.

The issue in dispute is whether the alleyway constitutes a highway within the meaning of the statute. In this regard, MCL 691.1401(e); MSA 3.996(101)(e), in providing a statutory definition of "highway," expressly excludes alleys from its scope:

> "Highway" means every public highway, road, and street which is open for public travel and shall include bridges, sidewalks, crosswalks, and culverts on any highway. The term highway does not include alleys, trees, and utility poles.

Relying on the exclusion of an alley from the statutory definition of highway, the city submitted a certificate of survey labeling the area as a "public alley" as well as excerpts of deposition testimony in which plaintiff characterized the area as an alleyway. Plaintiff makes the contrary argument that the common and customary usage of the

area as a means of public travel raises an issue of material fact as to whether the alleyway should be deemed a highway for immunity purposes.

The highway exception to immunity is to be strictly construed. *Ehlers v Dep't of Transportation,* 175 Mich App 232, 234; 437 NW2d 642 (1988). The apparent policy is to open a window of liability for those places accessible to public travel. *Campbell v Detroit,* 51 Mich App 34, 36; 214 NW2d 337 (1973).

In *Stamatakis v Kroger Co,* 121 Mich App 281, 284-285; 328 NW2d 554 (1982), lv den 417 Mich 1014 (1983), a slip-and-fall accident occurred in a city-owned access way. The Court provided and applied the standard governing delineation between a highway excepted from immunity and a nonexcepted alley:

> The government's duty to maintain the highways in reasonable repair so that they are reasonably safe and convenient for public travel does not extend to alleys. The term "alley" must be defined with due regard for the Legislature's intent in using it. In the present case, defendant supported its claim (that the place in which plaintiff fell was an alley) by presenting an affidavit concerning a review of the Wayne County Bureau of Taxation base map of the area. The map allegedly showed that the place was a "dedicated public alley." By itself, this showing was insufficient to defeat, as a matter of law, plaintiff's claim that the dedicated alley had become a highway by use and custom. We do not hold that a plaintiff's claim that an alley has become a highway usually presents a question for the trier of fact. We hold only that defendant's proof that the place had been dedicated as an alley was not dispositive. If plaintiff can prove that the physical characteristics and pattern of use of the place are those of a highway, not those of an alley, she may be entitled to claim

avoidance of the defense of governmental immunity. [121 Mich App 285.]

Although summary disposition was denied, it is apparent that the Court's assignment of error was directed to the trial judge's belief that the formal designation of the access way as an alley was conclusive as a matter of law of its status. An appropriate resolution of the motion was apparently thought to be premature in light of the inadequate development of the record.

In this case, the city met its burden pursuant to MCR 2.116(G)(4) of supporting its argument that the passageway was in fact an alley. Plaintiff, in attempting to controvert this showing, points to nothing establishing that the alley served any broader function consistent with usage of a road travelled by the public. Plaintiff's vague allegation that the alleyway was extensively used by persons seeking to patronize adjacent businesses is not inconsistent with the common understanding of the functions of an alley. As such, the alley appears to serve as a publicly owned driveway shared by two businesses. There is no indication that the alley was used as a common means of passage by persons leaving from and going to places not in close proximity to the two businesses. Although we do not believe that lack of usage as a general thoroughfare is conclusive of this issue, we find it significant, particularly since nothing is asserted that suggests that the alley was otherwise used in any manner inconsistent with the generally understood notions of an alley. In the absence of any evidence of this nature, the described usage of the passageway does not alter its characterization as an alley statutorily excepted from the definition of a highway in MCL 691.1401(e); MSA 3.996(101)(e). See also *Dettloff v Royal Oak,* 178 Mich App 319; 443 NW2d 410 (1989).

II

In a further effort to avoid the bar of governmental immunity, plaintiff argues that her claim is cognizable as a nuisance excepted from immunity. Plaintiff urges that her claim raises four different nuisance theories: (1) trespass-nuisance, (2) public nuisance, (3) nuisance per se, and (4) intentional nuisance. A trespass-nuisance exception to immunity was recognized in *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139; 422 NW2d 205 (1988), but no other theory was either accepted or disavowed by a majority of the Court.

A

Essential to the trespass-nuisance exception is a physical intrusion onto private property causing injury sustained outside of the governmental defendant's own premises. *Id.,* pp 145, 154, n 7, and 199. This much of *Hadfield* is binding precedent. Since, in the case at bar, plaintiff's accident and injury occurred in the public alley owned by the city without any causation attributable to a physical intrusion onto private property, the trespass-nuisance exception is facially inapplicable.

B

The question whether a public nuisance is excepted from immunity was acknowledged but left unresolved by the plurality of three justices in an opinion authored by Justice BRICKLEY. *Id.,* pp 175-177. In the lead opinion, Justice BRICKLEY addressed the limited version of the public nuisance exception that was suggested by *Pound v Garden City School Dist,* 372 Mich 499; 127 NW2d 390 (1964), where the Court held that governmental immunity did not bar a claim for injuries from a

slip and fall on ice formed from the discharge of water from the roof of a school building onto an adjacent public sidewalk. As such, the public nuisance exception acknowledged by Justice BRICKLEY is highly analogous to the trespass-nuisance exception validated in *Hadfield.* The only difference is that the trespassory invasion effects injury on public, not private, property, albeit property maintained by a governmental authority different from the governmental defendant responsible for the physical intrusion. *Pound, supra,* p 502; *Hadfield, supra,* pp 175-177.

Justice BOYLE, in her concurring opinion, citing Prosser & Keeton, Torts (5th ed), § 86, pp 618-619, defines a public nuisance as one which "covers the invasion of public rights, which is to say, rights common to all members of the public, such as for example the right to the free and safe use of the public highway." *Hadfield, supra,* p 205. A public nuisance may be per se (at law), i.e., an activity or condition that is unreasonable by its very nature and gives rise to an inherent danger even under the best of care, or it may be per accidens (in fact), i.e., an activity or condition which becomes a nuisance by reason of circumstances and surroundings in which one's liability is predicated on negligence.

In this case, we conclude that plaintiff has failed to demonstrate the existence of a genuine issue of fact under a public nuisance theory, regardless of which definition from *Hadfield* one relies upon. Clearly, under the definition recognized in Justice BRICKLEY's opinion, the requisite element of physical intrusion is missing. Even if the conditions which caused plaintiff's fall resulted from the earlier demolition of the adjacent wall, the record does not indicate that the demolition was carried out by a governmental entity. Nor did the ensuing

injury meet the requirement that it occur on premises not maintained by the defendant governmental entity.

It is also clear that, under the definitional framework employed by Justice BOYLE, the defect in the alleyway is neither a nuisance per se nor a nuisance per accidens. The condition was not one which was unreasonable by its very nature, nor did it give rise to an inherent danger even under the best of care. Nor can it be said that it was a condition predicated on negligence since there is no evidence that the defendant governmental entity knew or should have known of the defect.

Therefore, defendant was entitled to judgment as a matter of law.

C

In *Hadfield,* a plurality of three justices indicated that a nuisance per se was excepted from governmental immunity, *id.,* pp 207-208 (BOYLE, J.), pp 209-210 (LEVIN, J.), and p 213 (ARCHER, J.), but three others concurring in the BRICKLEY opinion expressly declined to rule on the issue, *id.,* pp 169-170. Thus, no majority holding has emerged to give us authoritative guidance. Because plaintiff's appellate brief cites no authority other than *Hadfield* to support her necessarily two-pronged argument that (1) a nuisance per se is not barred by immunity, and (2) the facts, pleaded or otherwise developed on the record in this case, meet the definition of a nuisance per se, we decline to address this issue by relying essentially on our own resources without the assistance of citation to meaningful authority or more than cursory briefing by the parties. It is not enough for the appellant to announce a position and then leave it to this Court to unravel the legal basis for the

claim of error. *Sargent v Browning-Ferris Industries,* 167 Mich App 29, 32-33; 421 NW2d 563 (1988). In this regard, we note that plaintiff's argument below concerning nuisance per se was equally half-hearted, and her attorney did not press the circuit judge to make a ruling.

D

In the aftermath of the *Hadfield* decision, the state of the law of immunity was likewise clouded with respect to plaintiff's assertion of an intentional nuisance theory. The BRICKLEY plurality expressly concluded that a claim of intentional nuisance did not avoid immunity, but Justice ARCHER expressly stated the opposite view, and Justice LEVIN indicated that he would reserve opinion for an appropriate case. Predictably, post-*Hadfield* panels of this Court were in a state of intractable conflict. Some argued that the failure of a majority of the *Hadfield* Court to concur in a holding leaves undisturbed earlier precedent in *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978), recognizing the intentional nuisance exception. See *Li v Wong (On Remand),* 170 Mich App 256; 428 NW2d 36 (1988), lv gtd 432 Mich 891 (1989); *Garcia v City of Jackson (On Remand),* 174 Mich App 373; 435 NW2d 796 (1989), lv gtd 432 Mich 891 (1989); *McCracken v Redford Twp,* 176 Mich App 365; 439 NW2d 374 (1989). Other panels took the contrary view by relying on the BRICKLEY plurality opinion. See, e.g., *Scott v Dep't of Natural Resources,* 169 Mich App 205; 425 NW2d 518 (1988); *Kuhn v Associated Truck Lines, Inc,* 173 Mich App 295, 300-302; 433 NW2d 424 (1988). This conflict was finally resolved in *Li v Feldt,* 434 Mich

584; 456 NW2d 55 (1990). In *Li*, and its companion case, *Garcia v City of Jackson*, the Court utilized the historical analysis test employed by Justice BRICKLEY in the *Hadfield* plurality opinion and concluded that intentional nuisance is not an exception to governmental immunity. *Id.*, p 595.

Accordingly, summary disposition entered in favor of the defendant city is affirmed.

### DOCKET NO. 105080

### (DEFENDANT FRANK'S NURSERY & CRAFTS, INC.)

Liability against defendant Frank's Nursery was premised upon negligence theory. The circuit court granted defendant's motion for summary disposition on the ground that plaintiff's slip and fall occurred in a public alleyway adjacent to, but outside, the premises of Frank's Nursery. Under the circumstances, the court ruled that Frank's Nursery owed plaintiff no duty to maintain the alleyway. Although Frank's Nursery premised its motion on both subsections (8) and (10) of MCR 2.116(C), we base our decision on MCR 2.116(C)(10) because the lower court's ruling was based on facts established outside of the pleadings.

A defendant's duty, for purposes of premises liability, ends with the boundaries of the premises, and an injury caused by a dangerous condition located outside those boundaries is not the legal responsibility of that defendant. *Rodriguez v Detroit Sportmen's Congress*, 159 Mich App 265, 271; 406 NW2d 207 (1987), lv den 428 Mich 905 (1987); *Swartz v Huffmaster Alarms Systems, Inc*, 145 Mich App 431, 434-435; 377 NW2d 393 (1985). A specific application of this principle is the natural accumulation doctrine, which relieves an owner or occupier of liability for slips and falls of passers-by caused by natural accumulations of ice and snow

on an adjacent public sidewalk. *Morton v Goldberg,* 166 Mich App 366; 420 NW2d 207 (1988), lv den 431 Mich 909 (1988); *Zielinski v Szokola,* 167 Mich App 611; 423 NW2d 289 (1988), lv den 432 Mich 858 (1989). However, these general principles do not necessarily preclude liability where a passer-by is injured outside the premises, but as a result of a danger posed by a condition existing on the defendant's premises. See *Langen v Rushton,* 138 Mich App 672; 360 NW2d 270 (1984), lv den 422 Mich 967 (1985).

Aside from principles of premises liability, an owner or occupier may be liable in negligence for affirmative acts done on adjacent public land. The circumstances under which such liability may attach were stated in *Berman v LaRose,* 16 Mich App 55, 57-59; 167 NW2d 471 (1969):

> Michigan decisions acknowledge the general rule that defendant owes a duty to business invitees to maintain his premises in a reasonable, safe condition. However, there is no duty, absent a statute, of an abutting owner as to the condition of the sidewalk or public way, unless the landowner has physically intruded upon the area in some manner or has done some act which either increased the existent hazard or created a new hazard.

> \* \* \*

> In order to establish the liability of defendant for plaintiff's injuries, incurred on the abutting publicly owned land, we find that it was necessary for plaintiff, by drawing an analogy to a public way or sidewalk, to prove at a minimum that in some manner defendant (1) increased the hazards in the parking area which existed at the time of the injury, or (2) created new hazards on the land strip, or (3) had a servitude for his private benefit in the parking area, by a physical intrusion of his premises or otherwise, the enjoyment of which affected the area's safety and thus imposed a duty

on defendant to maintain the area in a reasonably
safe condition. [Citations omitted.]

In this case, it was acknowledged by the parties
that the fall occurred entirely within the public
alleyway. Plaintiff stated that she fell when she
stepped into a hole covered with loose debris, but
she did not know the source of the debris. A few
days before the accident, Frank's Nursery demol-
ished the adjacent wall separating the alley and
its business premises. The wall was previously in a
state of disrepair. Demolition was accomplished
primarily by use of a frontloader with a scoop to
pick up debris and by laborers using picks and
sledge hammers; a considerable amount of rubble
and debris was generated. Although the causes of
the debris and the hole are unclear, it may be
inferred that the deteriorating condition of the
wall prior to its demolition or the process of demo-
lition caused or contributed to the dangerous con-
dition of the alleyway. If so, then liability against
Frank's Nursery could be premised on the theory
that the owner physically intruded upon the public
alleyway (by casting debris) or that it increased an
existing hazard or created a new hazard (by con-
duct causing or exacerbating hazards derived from
the debris-covered hole). Concededly, this inference
is tenuous, but it must be kept in mind that a
claim should not be eliminated pursuant to MCR
2.116(C)(10) unless, after giving the plaintiff the
benefit of all reasonable doubt and drawing all
inferences in the plaintiff's favor, the claim cannot
be supported by evidence at trial because of some
deficiency which cannot be overcome. *Dagen v
Hastings Mutual Ins Co,* 166 Mich App 225, 229;
420 NW2d 111 (1987), lv den 430 Mich 887 (1988).
The question presented is a close one, but we are
not prepared to say at this time that plaintiff's

evidence is so weak that the claim is beset by a deficiency which cannot be overcome.

On the other hand, we believe that much of the difficulty in resolving the issue whether Frank's Nursery is liable under the theories set forth in *Berman,* i.e., physical intrusion onto adjacent land, creating or increasing a hazard on adjacent land, was attributable to the parties' failure to establish an adequate record for decision. Perhaps this can be explained by the circuit court's erroneous belief, based solely on principles of premises liability, that the occurrence of an injury outside of the premises of Frank's Nursery precluded liability per se. Whatever the reason for the inadequacies in the evidence submitted, we believe that it is appropriate to reverse summary disposition and remand this matter with the direction that further proceedings be conducted on Frank's Nursery's motion for summary disposition so that the record may be adequately developed for decision pursuant to MCR 2.116(C)(10). In this regard, we note that Frank's Nursery, as the moving party, has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(3) and (4). If the parties wish to rely on depositions or other discovery materials in conjunction with a motion for summary disposition, these materials must be filed with the circuit court in accordance with MCR 2.302(H).

DOCKET NO. 105080

(DEFENDANT PETE & FRANKS FRUIT RANCH)

Summary disposition in favor of defendant Pete & Franks Fruit Ranch was granted for the same reasons given in favor of Frank's Nursery. Pete & Franks Fruit Ranch was also a business operating

on premises adjacent to the public alleyway. Because the accident did not occur on its premises, it is not liable to plaintiff on any theory of premises liability. Unlike the case against Frank's Nursery, plaintiff advances no evidence or plausible argument connecting Pete & Franks Fruit Ranch to the condition of the alleyway causing the accident. Plaintiff's reference to a city ordinance is unhelpful because violation of an ordinance, without more, will not serve as the basis for imposing a legal duty cognizable in negligence theory. Although violation of an ordinance may be evidence of negligence, *Autry v Allstate Ins Co,* 130 Mich App 585, 592-593; 344 NW2d 588 (1983), lv den 422 Mich 870 (1985), this has little or no bearing upon the purely legal question whether defendant owes plaintiff a duty in the first place. We can, however, conceive of instances where an ordinance may impose a duty on an actor depending upon the relationship of the parties. The case before us, though, does not present one of those instances. Accordingly, summary disposition in favor of defendant Pete & Franks Fruit Ranch is affirmed.

Affirmed as to defendants city and Pete & Franks Fruit Ranch; reversed and remanded as to defendant Frank's Nursery.