Saad, P.J.
 

 Plaintiff appeals as of right the trial court’s order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(7) on the basis of governmental immunity. We affirm.
 

 i
 

 Defendant, city of Femdale, operates a municipal parking lot behind a row of businesses. A one-way
 
 *627
 
 alley runs the entire distance between the parking lot and the shops. Although the alley runs from side street to side street, there is no evidence that the alley is intended for use as a regular means of access between those two streets. The alley is used for access to the parking lot and for deliveiy trucks unloading cargo. On August 8, 1996, plaintiff parked in the lot and walked across the alley to shop at one of the stores. She alleges that she tripped and fell in the alley.
 

 Plaintiff sued defendant, alleging that it failed to maintain the pavement in a reasonably safe condition.
 
 [1]
 
 In an effort to avoid governmental immunity, plaintiff claimed that the alley fell under the defective highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102). The trial court concluded that plaintiff failed to cite any authority that the alley should be treated as a highway for purposes of this exception and granted defendant’s motion for summary disposition. Plaintiff now appeals.
 

 n
 

 Plaintiff contends that the court erred in granting summary disposition because the alley in which she was walking when she tripped and fell met the definition of “highway” found at MCL 691.1401(e); MSA 3.996(101)(e) and, therefore, was subject to the highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102). We disagree.
 
 [2]
 

 
 *628
 
 Generally, all governmental agencies are immune from tort liability for actions taken in furtherance of a governmental function. MCL 691.1407; MSA 3.996 (107);
 
 Cox v Dearborn Heights,
 
 210 Mich App 389, 392; 534 NW2d 135 (1995). The term “governmental agency” is defined to include municipal corporations such as defendant city.
 
 Id.
 
 The Supreme Court has repeatedly stressed that the governmental immunity act is a “broad grant of immunity.”
 
 Reardon v Dep’t of Mental Health,
 
 430 Mich 398, 411; 424 NW2d 248 (1988);
 
 Hadfield v Oakland Co Drain Comm’r,
 
 430 Mich 139, 146; 422 NW2d 205 (1988);
 
 Ross v Consumers Power Co (On Rehearing),
 
 420 Mich 567, 595, 618; 363 NW2d 641 (1984).
 

 However, there are several narrowly drawn exceptions to governmental immunity, including the highway exception set forth in MCL 691.1402(1); MSA 3.996(102)(1), which reads, in pertinent part, as follows:
 

 Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person sustaining bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him or her from the governmental agency.
 

 No action may be maintained under the highway exception unless it is clearly within the scope and meaning of the statute.
 
 Scheurman v Dep’t of Trans
 
 
 *629
 

 portation,
 
 434 Mich 619, 630; 456 NW2d 66 (1990). The statutory definition of “highway” expressly excludes alleys from its scope:
 

 “Highway” means every public highway, road, and street which is open for public travel and shall include bridges, sidewalks, crosswalks, and culverts on any highway.
 
 The term highway does not include alleys, trees, and utility poles.
 
 [MCL 691.1401(e); MSA 3.996(101)(e) (emphasis added).]
 

 In
 
 Stamatakis v Kroger Co,
 
 121 Mich App 281, 285; 328 NW2d 554 (1982), this Court opined that “[t]he term ‘alley’ must be defined with due regard for the Legislature’s intent in using it.” The
 
 Stamatakis
 
 Court held that “[i]f plaintiff could prove that the physical characteristics and pattern of use were those of a highway, and not those of an alley, then she may be entitled to claim avoidance of governmental immunity.”
 
 Id.
 

 In
 
 Ward v Frank’s Nursery & Crafts, Inc,
 
 186 Mich App 120; 463 NW2d 442 (1990), this Court held that a plaintiff failed to demonstrate that an “area of public access” was not an alley for purposes of governmental immunity. The Court’s description of the alley in
 
 Ward
 
 at 126, fits the alley in question here:
 

 Plaintiff’s vague allegation that the alleyway was extensively used by persons seeking to patronize adjacent businesses is not inconsistent with the common understanding of the functions of an alley. As such, the alley appears to serve as a publicly owned driveway shared by two businesses. There is no indication that the alley was used as a common means of passage by persons leaving from and going to places not in close proximity to the two businesses. Although we do not believe that lack of usage as a general thoroughfare is conclusive of this issue, we find it
 
 *630
 
 significant, particularly since nothing is asserted that suggests that the alley was otherwise used in any manner inconsistent with the generally understood notions of an alley. In the absence of any evidence of this nature, the described usage of the passageway does not alter its characterization as an alley statutorily excepted from the definition of a highway in MCL 691.1401(e); MSA 3.996(101)(e).
 

 Similarly, plaintiff here has failed to show that the alley between the stores and the parking lot had any characteristics inconsistent with the ordinary uses of alleys. On the contrary, plaintiff alleged that the alley was designated as a loading zone, that it was posted one-way, that semitrailer trucks unloaded in the alley, and that pedestrians were allowed to enter and leave vehicles in the alley. These characteristics are more commonly associated with alleys than highways. Plaintiff has not cited any authority to support her assertion that an alley should be treated as a highway when these factors are present. None of the factors listed in the complaint demonstrates that the custom and use of the area where plaintiff fell was anything other than that of an alley. Although plaintiff contends that the alley was sometimes used by persons traveling between the two side streets who were not using any of the businesses alongside the alley, this does not qualify the alley as a “street which is open for public travel” within the meaning of the statute.
 
 Richardson v Warren Consolidated School Dist,
 
 197 Mich App 697, 704-705; 496 NW2d 380 (1992). Because plaintiff failed to show that the place where she fell was anything other than an alley, the highway exception does not apply.
 

 On appeal, plaintiff has listed additional factors in support of her position that the design, custom, and
 
 *631
 
 usage of the alley rendered it a highway for governmental liability purposes. However, where a plaintiff does not plead facts in avoidance of governmental immunity and only, as an afterthought, claims facts on appeal that might raise a question of fact, this Court is inclined to accept the claims in plaintiffs original complaint, which entitled defendant to summary disposition.
 
 Dettloff v Royal Oak,
 
 178 Mich App 319, 322-323; 443 NW2d 410 (1989).
 

 Therefore, because there is no question of fact that the area in which plaintiff was walking when she fell was an alley, which is specifically excluded from the highway exception, defendant was immune from liability pursuant to MCL 691.1407; MSA 3.996(107). Accordingly, the trial court did not err in granting summary disposition pursuant to MCR 2.116(C)(7).
 

 We affirm.
 

 [1]
 

 Plaintiff also sued F & M Discount, the store where she planned to shop the day of the incident. F & M settled plaintiff’s claims, and is not a party to this appeal.
 

 [2]
 

 The trial court cited
 
 Doneghy v Ferndale,
 
 unpublished opinion per curiam of the Court of Appeals, issued July 18, 1997 (Docket No. 197083), which held that the same alley did not fall under the highway exception to
 
 *628
 
 govemmental immunity. Because unpublished decisions are not precedentially binding under the rule of stare decisis, MCR 7.215(C)(1), our decision is based on an independent review of the record in plaintiff’s case.