# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 16, 2011

12 November 2011

142287

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

DONALD T. McCUE, individually and as the
conservator of the ESTATE OF DEBRA K.
McCUE,
        Plaintiff-Appellee,

v

O-N MINERALS (MICHIGAN) COMPANY,
        Defendant-Appellant.

SC: 142287
COA: 294661
Mackinac CC: 08-006594-NO

_____/

On order of the Court, leave to appeal having been granted and the briefs and oral argument of the parties having been considered by the Court, we REVERSE the November 4, 2010 judgment of the Court of Appeals and we REMAND this case to the Mackinac Circuit Court for reinstatement of the August 31, 2009 order granting summary disposition to the defendant and denying the plaintiff's motion for partial summary disposition. The plaintiff's claim of negligence failed because the plaintiff did not demonstrate that the defendant, rather than the State of Michigan Department of Transportation, owed the plaintiff and his spouse a duty to maintain or repair the State highway in question. See MCL 691.1402(1). Similarly, the plaintiff failed to state a claim for public nuisance because he did not demonstrate that the defendant acted in a way that unreasonably interfered with a common right enjoyed by the public or that the plaintiff's spouse's injury was different from the type of harm that a member of the general public could have suffered.

CAVANAGH, J. (*dissenting*).

I respectfully dissent from this Court's order reversing the Court of Appeals because I believe that the Court of Appeals correctly concluded that defendant is not entitled to summary disposition. Specifically, I believe that genuine issues of material

fact remain regarding whether defendant may have had a duty sufficient to support plaintiff's claim of negligence and whether defendant's actions created a public nuisance.

Plaintiff and his wife were participating in the DALMAC bicycle tour when plaintiff's wife fell from her bike and suffered serious injuries while riding over a portion of state highway M-134 in the Upper Peninsula. Plaintiff alleges that the portion of the highway where his wife fell was extensively damaged. Defendant owns the property through which M-134 passes at the location where the fall occurred and conducts mining operations on both sides of the highway. The state holds an easement that allows M-134 to pass over defendant's property. At the point where plaintiff's wife fell, the highway consists of a concrete pad with large steel rails embedded into the concrete. As permitted by an agreement with the state, defendant routinely crosses M-134 on the concrete pad with its heavy trucks and equipment, including tracked bulldozers. Plaintiff alleges that defendant's repeated, intense use of the highway caused the damage to the highway that resulted in plaintiff's wife's fall.

Even if the majority is correct that defendant had no duty to maintain or repair the state highway in question, I think that defendant arguably had a duty to inform the State of Michigan Department of Transportation (MDOT) of the damage apparently caused by defendant's unusual use of the highway. I believe that this arguable duty arises out of the fact that defendant's use of the portion of the highway where plaintiff's wife was injured is highly intense and fundamentally different from the public's use, and that use potentially either increased the hazard on the public highway that existed at the time of the injury or created a new hazard on the public highway. See *Berman v LaRose*, 16 Mich App 55, 59 (1969). Because defendant's intense use seemingly caused or hastened the damage to the highway and defendant was in the best position to know when repairs were needed, I think that imposing a duty on defendant to inform MDOT of the damage is a fair balancing of the "competing policy considerations" that necessarily go into determining whether a duty exists. *Friedman v Dozorc*, 412 Mich 1, 22 (1981). See, also, *Dyer v Trachtman*, 470 Mich 45, 49 (2004), quoting Prosser & Keeton, Torts (5th ed), § 56, p 374.

Additionally, I agree with the Court of Appeals that genuine issues of material fact exist regarding whether the damage arguably caused by defendant's use of the highway amounted to a public nuisance. This Court has stated that a public nuisance includes an activity that "create[s] an interference in the use of a way of travel." *Twp of Garfield v Young*, 348 Mich 337, 342 (1957), citing *Attorney General ex rel Muskegon Booming Co v Evart Booming Co*, 34 Mich 462 (1876). Thus, because defendant's prolonged, intense use of the highway potentially interfered with the use of a state highway by creating or accelerating the damage to the highway, I believe that defendant may have unreasonably interfered with the public's common right to use the state highway.

Finally, with regard to the nature of the injury required to sustain a public nuisance claim, the majority's order inaccurately states that plaintiff cannot pursue a claim because the harm suffered was not "different from the type of harm that a member of the general public *could have suffered*." Emphasis added. However, this Court has stated that a "plaintiff[] must show harm of a kind different from that suffered by other members of the general public exercising the right common to the general public that was the subject of interference." *Adkins v Thomas Solvent Co*, 440 Mich 293, 306 n 11 (1992), citing 4 Restatement Torts, 2d, § 821C. Thus, a court must determine whether the harm suffered by a plaintiff is different from the harm *actually suffered* by the general public, not merely whether a member of the general public "could have suffered" the harm that the plaintiff suffered. I think that plaintiff's spouse's personal injury is sufficient to satisfy this requirement.

As noted, the *Adkins* Court cited to the Second Restatement of Torts in discussing this requirement; thus, I believe that the Second Restatement of Torts should be closely considered. Notably, the Second Restatement explains that where the conduct alleged to be a public nuisance causes "physical harm to [a plaintiff's] land or chattels, the harm is normally different in kind from that suffered by other members of the public and the tort action may be maintained." 4 Restatement Torts, 2d, § 821C, comment d. Moreover, the Restatement provides the following helpful example:

> A digs a trench across the public highway and leaves it unguarded at night without any warning light. B, driving along the highway, drives into the trench and breaks his leg. *B can recover for the public nuisance.* [*Id.* (emphasis added).]

Because the facts and injury suffered in this case are closely analogous to the example provided by the Second Restatement of Torts, I would affirm the Court of Appeals decision to reverse the trial court's grant of summary disposition in favor of defendant.

Accordingly, I respectfully dissent.

MARILYN KELLY, J. (*dissenting*).

I join Justice CAVANAGH's dissenting statement. I write separately to note that I think defendant did have a duty to plaintiff under a negligence theory. Moreover, plaintiff has raised genuine issues of fact sufficient to support this claim.

In defendant's easement agreement with the state, defendant reserved the right to "construct and maintain such . . . roads . . . as may be necessary for the . . . transportation of the ores . . . and . . . the right to go over and across the lands [therein] described."[1]

---

[1] The Easement Agreement, Liber 90, pg 598.

Defendant specifically reserved a right to maintain the section of road where the accident occurred.  Thus it voluntarily assumed a duty of care.

Although the general rule is that the exclusive duty to maintain and repair the public highway belongs to the state, in rare cases a private landowner can have this duty. In *Berman v LaRose* the Court of Appeals stated:

> [T]here is no duty, absent a statute, of an abutting owner as to the condition of the sidewalk or public way, unless the landowner has physically intruded upon the area in some manner or has done some act which either increased the existent hazard or created a new hazard.[2]

Using the *Berman* rule, the Michigan Court of Appeals in *Staskievitz v City of Ann Arbor and Bagel Factory, Inc*,[3] found that a private landowner had a duty to a person injured on the public roadway.  In that case, defendant Bagel Factory shoveled snow into the public roadway resulting in an injury to plaintiff when she fell.[4]  The Court of Appeals also found a duty to a private defendant in *Ward v Frank's Nursery & Crafts, Inc*.[5]  There, plaintiff was injured after tripping over a pothole in the public alleyway which defendant had covered with loose debris.[6]

There is evidence that defendant in this case physically intruded upon the public road in a way much more extensive than shoveling snow or depositing debris in a pothole.  The deterioration it may have caused in the area of roadway in question appeared to have been far in excess of normal wear and tear.  The indentions next to the metal rails, which ran perpendicular to traffic, were as deep as two inches.  Therefore, defendant had a duty to plaintiff to maintain the roadway where the accident occurred, and there is evidence sufficient for a jury to determine that it breached that duty.

Accordingly, summary reversal of the Court of Appeals decision is unwarranted, and I respectfully dissent from it.

---

[2] 16 Mich App 55, 57 (1969).

[3] Unpublished Court of Appeals opinion, issued April 22, 1997 (Docket No. 191675).

[4] *Id*.

[5] 186 Mich App 120, 133 (1990), interloc lv den 437 Mich 1033 (1991).

[6] *Id*.

HATHAWAY, J. (*dissenting*).

I agree with Justices CAVANAGH and MARILYN KELLY that reversal of the Court of Appeals decision is unwarranted.   Accordingly, I dissent.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 16, 2011

Clerk

t1213