*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KERRIE NYENHUIS and JOSHUA NYENHUIS,

Plaintiffs-Appellees,

v

KROGER COMPANY OF MICHIGAN,

Defendant,

and

CITY OF GROSSE POINTE,

Defendant-Appellant.

UNPUBLISHED
February 25, 2020

No. 346589
Wayne Circuit Court
LC No. 17-013350-NO

Before: REDFORD, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

In this trip and fall case, defendant, City of Grosse Pointe, appeals as of right the trial court's order denying its motion for summary disposition under MCR 2.116(C)(7) and (C)(10) on governmental immunity grounds. We affirm.

## I. FACTUAL BACKGROUND

On May 4, 2017, plaintiff, Kerrie Nyenhuis, parked her car in the parking lot at the rear of defendant Kroger Company of Michigan's (Kroger) store located at 16919 Kercheval Avenue in Grosse Pointe, Michigan. A one-way pavement on which motor vehicles may travel runs the entire length of the rear of the Kroger store and adjacent businesses. As Kerrie left the store, her shopping cart stopped suddenly causing her to fall over it and then the cart landed on top of her causing her injury. Plaintiffs sued Kroger for premises liability and later amended their complaint to add defendant Grosse Pointe to state a claim under MCL 691.1402(1), the "highway exception" to governmental immunity, for failure to maintain an alleged defective roadway. Grosse Pointe moved for summary disposition on the ground that Kerrie fell in an alley, and not a "highway" as

-1-

defined by the governmental immunity statute, such that the highway exception did not apply. The trial court denied Grosse Pointe's motion.

## II. STANDARDS OF REVIEW

We review de novo the applicability of government immunity. *Plunkett v Dept of Transportation*, 286 Mich App 168, 180; 779 NW2d 263 (2009). Whether the highway exception applied to a case is a question of law we review de novo. *Id*. We also review de novo a trial court's interpretation of a statute. *Id*. "MCR 2.116(C)(7) provides that a motion for summary disposition may be raised on the ground that a claim is barred because of immunity granted by law." *Dextrom v Wexford Co*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010). We review de novo a trial court's grant or denial of summary disposition under MCR 2.116(C)(7). *Poppen v Tovey*, 256 Mich App 351, 353; 664 NW2d 269 (2003). In analyzing a motion for summary disposition under MCR 2.116(C)(7), the trial court must accept as true the contents of the complaint unless contradicted by affidavits, depositions, admissions, or other documentary evidence submitted to the trial court by the movant. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "The substance or content of the supporting proofs must be admissible in evidence." *Id*. "A motion brought pursuant to MCR 2.116(C)(7) should be granted only if no factual development could provide a basis for recovery." *Cole v Ladbroke Racing Michigan, Inc*, 241 Mich App 1, 6-7; 614 NW2d 169 (2000) (citation omitted); *Dextrom*, 287 Mich App at 429.

"A motion under MCR 2.116(C)(10), on the other hand, tests the factual sufficiency of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (citation omitted). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. (citation omitted). "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citations omitted).

## III. ANALYSIS

Grosse Pointe argues that the trial court erred by denying its motion for summary disposition because the area where plaintiff fell did not constitute a "highway" under MCL 691.1401(c), and therefore, was not subject to the highway exception to governmental immunity, MCL 691.1402. We disagree.

Under MCL 691.1407(1), "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." However, exceptions exist to governmental immunity, including the "highway exception" under which a person "who sustains bodily injury . . . by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency." MCL 691.1402(1). MCL 691.1401(c) provides:

> "Highway" means a public highway, road, or street that is open for public travel. Highway includes a bridge, sidewalk, trailway, crosswalk, or culvert on the highway. Highway does not include an alley, tree, or utility pole.

There is no statutory definition of the term "alley." "Undefined statutory terms must be given their plain and ordinary meanings, and it is proper to consult a dictionary for definitions." *Halloran v Bhan*, 470 Mich 572, 578; 683 NW2d 129 (2004). The relevant dictionary definition of "alley" is:

> 1. a narrow street; esp: a thoroughfare through the middle of a block giving access to the rear of lots or buildings. [*Merriam-Webster's Collegiate Dictionary* (11th ed).]

On appeal, Grosse Pointe argues that the area where plaintiff fell does not constitute a "highway" for purposes of the highway exception, but rather an "alley," which is excluded from the highway exception. This Court addressed the distinction between a "highway" and an "alley" in *Stamatakis v Kroger Co*, 121 Mich App 281; 328 NW2d 554 (1982). In *Stamatakis*, this Court opined that the plaintiff might be entitled to claim avoidance of governmental immunity if she could prove that the physical characteristics and pattern of use of the place where she claimed her injury occurred were those of a highway, and not those of an alley. *Id*. at 285.

In *Ward v Frank's Nursery & Crafts, Inc*, 186 Mich App 120; 463 NW2d 442 (1990), this Court held that a plaintiff failed to demonstrate that an "area of public access" was not an alley for purposes of governmental immunity. In *Ward*, the plaintiff's accident occurred "in an area of public access characterized, alternatively, as an alley or a walkway" . . . that "served as a means of access for vehicles and pedestrians to adjacent business premises and parking lots operated by defendants Frank's Nursery & Crafts, Inc., and Pete & Franks Fruit Ranch." *Id*. at 123. This Court noted that the plaintiff offered vague allegations and failed to establish that the alley served as a road traveled by the public or as a passage to places not in close proximity to the two businesses. *Id*. at 126. In the absence of evidence showing that people used the passageway in a manner inconsistent with an alley, the passageway fit the statutory definition of a highway in MCL 691.1401(e). *Id*.

In *Collins v City of Ferndale*, 234 Mich App 625, 626-627; 599 NW2d 757 (1999), the plaintiff slipped and fell in a municipal parking lot behind a row of businesses where a one-way alley ran the entire distance between the parking lot and the shops. This Court concluded that "[a]lthough the alley runs from side street to side street, there is no evidence that the alley is intended for use as a regular means of access between those two streets. The alley is used for access to the parking lot and for delivery trucks unloading cargo." *Id*. at 627. This Court held that the alley did not meet the definition of a highway, because the plaintiff failed to present evidence that the passageway had characteristics inconsistent with ordinary uses of alleys or that the custom and use of the area where she fell served as anything other than an alley. *Id*. at 630.

In this case, Grosse Pointe moved for summary disposition on governmental immunity grounds because plaintiff fell in an alley and not a highway. The record reflects that Grosse Pointe presented evidence that the one-way passageway ran the length of the rear of the Kroger store and adjoining businesses and served as a means of ingress and egress from a parking lot and businesses used it for unloading trucks. It contended that it was not a highway as defined under MCL 691.1401(c) but merely an alley. The record reflects that the passageway is not designated as a street or roadway but functions as a 20-foot-wide public passageway between businesses and an adjacent parking lot.

Plaintiffs presented evidence of the physical description of the passageway and photographs of it. She also provided to the trial court an affidavit supported by exhibits that supported her contention that it customarily serves as a publicly used passageway between two city roads with specifically dedicated painted loading zones like control painted zones on city streets. She presented evidence of storm sewers for management of surface waters. Further, the photos she submitted established that the passageway, like a city street, had designated angular parking spots governed by parking meters. The passageway also features control signage and directional signals painted on the surface directing traffic onto the adjacent city street. Plaintiff also presented evidence of the area where she fell that had features triers of fact could find inconsistent with an alley.

Plaintiff presented evidence that established the existence of a genuine issue of fact whether the area in question served "any broader function consistent with the usage of a road travelled by the public." We do not believe that the evidence presented by the parties established that the passageway, as a matter of law, consisted of features commonly associated with alleys rather than highways. Accordingly, the trial court did not err by denying defendant Grosse Pointe's motion for summary disposition.

Affirmed.

/s/ James Robert Redford
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

-4-